## UNITED STATES v. FENTON et al.

(District Court, D. Montana. October 25, 1920.)

No. 3634.

Criminal law ⟨⟩395—Forfeited liquors can be used in evidence after seizure without process.

Intoxicating liquors and the automobile in which they are being unlawfully transported are already forfeited to the United States, so that the forcible seizure of such property without process by officers of the United States, even if irregular, was not a seizure of the property of defendants, and did not violate Const. Amends. 4 and 5, so that the whisky and automobile so seized were competent evidence against accused, notwithstanding their motion for return of the property.

George Fenton and another were convicted of unlawfully transporting whisky, and moved for a new trial. Motion denied.

W. W. Patterson, U. S. Atty., of Helena, Mont.
Jos. P. Donnelly, of Havre, Mont., for defendants.

BOURQUIN, District Judge. Defendants were convicted of unlawfully transporting in an auto, some 130 quarts of whisky, the auto

and whisky were adjudged forfeited to the United States, and defendants move for a new trial upon the ground 'that their arrest and the seizure of the whisky and car were without process, in violation of the Fourth and Fifth Amendments, and unlawful; that the evidence at the trial was the whisky and the testimony of the delinquent officers; and that defendants preserved their rights by motion before trial (heard at trial and decision reserved) for return of the whisky and auto.

From the evidence it appears the arrest and seizure were about 75 miles south of the boundary line; that the officers had heard that several unnamed persons and autos were that night coming with whisky smuggled from Canada; that to capture them they located themselves 20 yards apart along the road; that about 3:30 a. m. defendants' auto slowly approached from the north; that the officer nearest turned a flash light upon them and ordered them to halt, which they refused to do; that so likewise ordered the second and third officer, as defendants reached and passed them; that when the auto was a length or so past the first officer he fired to puncture the tires; that when it was about 10 feet past the third officer he overtook it, mounted the running board, and was ordered off by defendants with gun display; that the officers, with display of weapons, forced defendants to stop, arrested them, searched, found the whisky, some of which was visible before search, in part of Canadian brand, and seized auto and whisky.

Defendants were taken in commission of a misdemeanor, if not of a felony. Whether or not, in the circumstances of time, place, common knowledge of whisky running, information of the officers, and the incidents of the arrest, the misdemeanor was committed "in the presence" of the officers (see In re Morrill [C. C.] 35 Fed. 267, and 5 Corp. Jur. 416), whether or not defendants were subject to arrest without process as at common law, as night walkers or prowlers reasonably subject to suspicion, whether or not the officers had reasonable grounds to believe defendants had committed a felony, whether or not the arrest and search are lawful, or either or both amendments violated, defendants' motions must be denied.

An unlawful arrest of an offender does not work a pardon in his behalf, and seizure without process and by force of government property, of which it is entitled to immediate possession, does not entitle the offender to a return of the property, nor to exclusion of its use in evidence against him. The auto and whisky, by virtue of the National Prohibition Act (41 Stat. 305), were forfeited, and thereby transferred to the United States, the moment defendants embarked upon the unlawful transportation. The United States was then vested with the right of property and possession. Even as any other owner of property in like circumstances at common law, the United States without process could recover possession by force. And however, if at all, irregularly the officers proceeded, the defendants have no right to return of the property, nor to object to its use in evidence, whatever other, if any, right or remedy they may have. See U. S. v. Stowell, 133 U. S. 16, 10 Sup. Ct. 244, 33 L. Ed. 555, and cases; Taylor v. U.

S., 3 How. 205, 11 L. Ed. 559; Boyd v. U. S., 116 U. S. 623, 6 Sup. Ct. 524, 29 L. Ed. 746.

Silverthornes Case, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319, and cases therein cited, apply to search and seizure of the offender's papers and property and use thereof in evidence, and not to those of others, of which the offender has unlawful possession. The first violates both amendments; the second, neither, so far as return of the seized articles and their exclusion as evidence are concerned.

The instant case is of the second category. Orders will be entered accordingly.