UNITED STATES *v.* BUTT, ALIAS WONG SING.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 275. Submitted October 18, 1920.—Decided November 8, 1920.

An indictment for unlawfully bringing Chinese aliens into the United States will lie under § 8 of the Immigration Act of February 5, 1917, where the acts charged do not go far enough to amount to a landing in violation of § 11 of the Chinese Exclusion Act of July 5, 1884. P. 41.

Reversed.

WRIT of error under the Criminal Appeals Act (c. 2564, 34 Stat. 1246), to review a judgment sustaining a motion to quash an indictment charging defendant with bringing certain Chinese aliens into the United States, viz., into the bay and port of San Francisco by vessel, in violation of § 8 of the Immigration Act of February 5, 1917, c. 29, 39 Stat. 880, which reads as follows: "That any person, including the master, agent, owner, or consignee of any vessel, who shall bring into or land in the United States,

by vessel or otherwise, or shall attempt, by himself or through another, to bring into or land in the United States, by vessel or otherwise, or shall conceal or harbor, or attempt to conceal or harbor, or assist or abet another to conceal or harbor in any place, including any building, vessel, railway car, conveyance, or vehicle, any alien not duly admitted by an immigrant inspector or not lawfully entitled to enter or to reside within the United States under the terms of this Act, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not exceeding $2,000 and by imprisonment for a term not exceeding five years, for each and every alien so landed or brought in or attempted to be landed or brought in." The Chinese Exclusion Act of July 5, 1884, c. 220, § 11, 23 Stat. 117, provides: "That any person who shall knowingly bring into or cause to be brought into the United States by land, or who shall aid or abet the same, or aid or abet the landing in the United States from any vessel, of any Chinese person not lawfully entitled to enter the United States, shall be deemed guilty of a misdemeanor, and shall on conviction thereof, be fined in a sum not exceeding one thousand dollars, and imprisoned for a term not exceeding one year."

*Mr. Assistant Attorney General Stewart* and *Mr. H. S. Ridgely* for the United States:

Chinese aliens are embraced within the scope of § 8 of the Immigration Act. *United States* v. *Wong You,* 223 U. S. 67; *United States* v. *Woo Jan,* 245 U. S. 552, 557. These decisions established the following propositions:

1. That the Chinese exclusion laws and the immigration laws each stand in their own integrity.

2. That Chinese persons are aliens within the meaning of the immigration laws.

3. That if Chinese aliens offend against the immigration

laws they may be dealt with under those laws even though they might also be dealt with under the Chinese exclusion laws.

It therefore follows that one who brings Chinese aliens into the United States does not escape amenability to the applicable criminal provisions of the immigration laws merely because the aliens are of Chinese origin. Obviously, if the immigration laws embrace Chinese aliens, as ruled by this court, *supra*, it would be difficult to find a legal theory which would except from the reach of those laws one who aids the entry of Chinese aliens, as here charged.

The contrary theory necessarily asserts that while Wong You, to use that case as an illustration, violated the immigration act by the surreptitious manner in which he entered, and could be dealt with under those laws, yet if the facts had further shown that he had been brought in by another, e. g., Butt, the defendant here, the party bringing him in would escape prosecution solely because the alien was of Chinese origin, although that mere fact did not protect the Chinaman himself from the penalties of the immigration act. Such an illogical result furnishes additional demonstration of the error into which the court below fell.

*Stoneberg* v. *Morgan*, 246 Fed. Rep. 98, manifests the view that the Chinese exclusion laws furnish the sole guide for dealing with cases involving Chinese aliens, and the immigration laws are a similar guide for all other aliens. Obviously, as above pointed out, that view must fail when tested by the principles of construction announced by this court in *United States* v. *Wong You*, *supra*. Cf. *Ex parte Li Dick*, 176 Fed. Rep. 998; *In re Lee Sher Wing*, 164 Fed. Rep. 506; *Looe Shee* v. *North*, 170 Fed. Rep. 566.

No brief filed for defendant in error.

MR. JUSTICE McKENNA delivered the opinion of the court.

Error to review a judgment of the District Court quashing an indictment against defendant in error, Butt, which charged him with feloniously bringing four Chinese aliens into the United States, in violation of the Immigration Act of February 5, 1917, c. 29, 39 Stat. 874, 880.

The legality of the ruling depends upon the coexistence of that act with the Chinese Exclusion Act of July 5, 1884, c. 220, 23 Stat. 115, 117.

We may use in exposition of the case the memorandum of the District Court (Judge Rudkin). It appears therefrom that an earlier indictment was presented against Butt charging him in three counts with having brought the same four Chinese aliens into the United States. The first two counts were based on § 8 of the Immigration Act of February, 1917, and the third count on § 11 of the Chinese Exclusion Act. All of the counts were based on the unlawful landing of four Chinese laborers into the United States. A motion to quash the first and second counts on the ground of misjoinder, and on the further ground that the several acts did not state facts sufficient to constitute a crime, was granted. The ruling was based on a decision of the Circuit Court of Appeals for the Eighth Circuit, 246 Fed. Rep. 98.

Upon the trial of the third count a verdict of not guilty was directed by the court (Judge Farrington), the Government having failed to prove that the Chinese were actually landed in the United States.

On June 11, 1919, the indictment in controversy was found. As we have said, it charged Butt with bringing the same Chinese aliens into the United States, and all of its counts were based on the Immigration Act. A motion to quash was made, accompanied by the record in the former case, in the nature of a plea of former jeopardy.

To this procedure the Government consented, but contended that inasmuch as defendant did not proceed far enough to violate § 11 of the Exclusion Act, he was subject to prosecution under § 8 of the Immigration Act, it being broader and more comprehensive in its terms. To this contention the court replied, and we quote its language, "In my opinion Congress did not intend that the courts should indulge in any such refinement as this. In other words, Congress either intended that persons bringing Chinese laborers into the United States should be prosecuted under the immigration act or that they should not. Such was manifestly the view of the Circuit Court of Appeals for the Eighth Circuit in the case already cited." The court considered that it was its duty to follow that decision until the question should be decided by the Circuit Court of Appeals for the Ninth Circuit or by this court. The motion to quash was sustained.

This ruling is attacked and that of the case adduced in its support, by the citation of *United States* v. *Wong You,* 223 U. S. 67, and *United States* v. *Woo Jan,* 245 U. S. 552, 557.

The cases support the contention for which they are cited, and it follows therefore that the ruling of the District Court in the case at bar sustaining the motion to quash the indictment was error, and it is reversed.

*So ordered.*