# UNITED STATES v. BATEMAN.

(District Court, S. D. California, N. D. February 6, 1922.)

No. 446.

1. **Constitutional law ☞55—What is a reasonable search is a judicial question.**

   Whether a search is reasonable or unreasonable, within the meaning of the Fourth Amendment, is a judicial question, and Congress could enact no law declaring reasonable a search which the courts hold to be unreasonable, though it could pass an act prohibiting searches that were unreasonable.

2. **Searches and seizures ☞7—Adoption of Prohibition Amendment considered in determining reasonable search.**

   In determining what is a reasonable search, under the Fourth Amendment, the courts can consider the Eighteenth Amendment, prohibiting the sale of intoxicating liquor and empowering Congress to provide for its enforcement.

3. **Intoxicating liquors ☞246—Volstead Act impliedly recognizes right to search automobiles.**

   National Prohibition Act, § 25, prohibiting search warrants to search private dwellings, and section 26, authorizing seizure of automobiles transporting liquor unlawfully, and Act Nov. 23, 1921, § 6, making it a misdemeanor to search a private dwelling, impliedly recognize the right to search automobiles.

4. **Intoxicating liquors ☞249—Officers may, without warrant, stop and search automobiles for liquors.**

   In view of the impossibility of procuring warrants for the search of automobiles suspected of transporting intoxicating liquors, the officers have a right, without warrant, to stop and search automobiles, and the finding of liquor therein justifies the search.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

L. L. Bateman was charged with violating the National Prohibition Act. On motion of the defendant for the return of property seized without lawful search warrant. Motion denied.

Joseph C. Burke, U. S. Atty., and T. F. Green, Asst. U. S. Atty., of Los Angeles, Cal.

Leo V. Youngworth, of Los Angeles, Cal., for defendant.

TRIPPET, District Judge. The question raised by this motion is whether or not a prohibition enforcement officer can stop an automobile on a public highway and search it for intoxicating liquors, without the consent of the driver of the automobile, and without any warrant for arrest or search. This proposition involves the interpretation of the Fourth, Fifth, and Eighteenth Amendments to the Constitution of the United States. These amendments are of equal force and importance. It is plain that the Eighteenth Amendment cannot be enforced without legislation to enforce it, but as to the Fourth and Fifth Amendments, it does not appear that any legislation is necessary in so far as this question is concerned, except that legislation might be enacted for the purposes of stating under what conditions a search warrant may issue.

The Fifth Amendment provides that no person shall be compelled in any criminal case to be a witness against himself, and the courts have often ruled in the enforcement of that amendment. Congress has passed a law extending and making additional conditions upon which a man may be examined; for instance, Congress has legislated that a man may or may not take the witness stand, and no presumption shall arise against such defendant, if he does not take the witness stand. Congress could not pass a law which would in any way compel a witness to give evidence against himself, for the courts would hold such a law unconstitutional.

[1, 2] As to the Fourth Amendment, Congress could pass no law which would have the effect of declaring a search to be reasonable, when in fact in the opinion of the court it was unreasonable. What is an unreasonable search and seizure, as specified in the Fourth Amendment, is a judicial question. In a note to the Revised Statutes (11 Fed. Stat. Ann. 354), the following is stated:

"The question whether a seizure or a search is unreasonable in the language of the Constitution is a judicial and not a legislative question; but in determining whether a seizure is or is not unreasonable, all of the circumstances under which it is made must be looked to."

This is undoubtedly the law. Congress, of course, could prohibit searches that were reasonable, but Congress could not authorize searches that were unreasonable. Congress has acted concerning the issuance of a warrant and by the Act of June 15, 1917, 40 Stat. c. 30, p. 228 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v), has stated the conditions upon which a search warrant may issue. This law, however, has no bearing upon the proposition before the court, except in so far as it specifies how search warrants may be procured. The act itself refers to property which has been

stolen or embezzled in violation of the laws of the United States, or property used as the means of committing a felony.

Congress on a previous occasion had expressly authorized custom officers to search for goods supposed to be in the United States in violation of the custom laws. These laws were in effect at the time of the adoption of the Eighteenth Amendment. The Eighteenth Amendment must be considered in determining the question of what is an unreasonable search and seizure as prescribed by the Fourth Amendment. If there were no Eighteenth Amendment to the Constitution to be enforced, the court might have an entirely different idea of what is an unreasonable search or seizure as disclosed in this case. In order, therefore, to enforce the Eighteenth Amendment, it is necessary for us to determine what is an unreasonable search or seizure.

[3] In adopting the Volstead Act (41 Stat. 305), Congress took into consideration the question of the right to search and seize certain conveyances. In section 25 of the Volstead Act, there is this provision:

"No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house."

Here is an expression of Congress to the effect that in certain instances search warrants shall not be permitted. If Congress had been of the opinion that to search automobiles on a public highway without a search warrant was unreasonable, it certainly would have included, with the prohibition as to dwellings in section 25, a prohibition as to automobiles.

Congress had the matter directly before it when it enacted section 26, which contains the following language:

"When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law."

It has been held by one court that that authorized the search and seizure of an automobile, transporting liquors, in violation of the law. U. S. v. Crossen (D. C.) 264 Fed. 459, 462. In the act of Congress approved November 23, 1921, section 6 provides as follows:

"That any officer, agent, or employee of the United States engaged in the enforcement of this act, or the National Prohibition Act, or any other law of the United States, who shall search any private dwelling as defined in the National Prohibition Act, and occupied as such dwelling, without a warrant directing such search, or who while so engaged shall without a search warrant maliciously and without reasonable cause search any other building or property, shall be guilty of a misdemeanor."

Again, if Congress deemed it an unreasonable search and seizure in a case like the one before the court, it had a good opportunity to express its convictions, but it did not. This would seem to be a sanction by Congress to search vehicles or other buildings or property without a warrant, unless the same was done maliciously and without reasonable cause.

It is, my opinion that there is no legislation of Congress upon the subject of searches and seizures of automobiles, except as above specified, and the court must in each individual case determine, as a judicial question, whether or not the search and seizure of an automobile is an unreasonable search or seizure, in view of all the circumstances in the case.

[4] Let us now proceed to consider as a judicial question in this case whether or not it was an unreasonable search or seizure for the officer to have proceeded as he did without a search warrant. The Eighteenth Amendment went into force in January, 1919, and the first section reads as follows:

"After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited."

There is now and has been ever since this amendment went into effect almost a continuous stream of automobiles from at or near the Mexican border to Los Angeles and other parts of the country. If these automobiles could not be stopped and searched without a search warrant, the country, of course, would be flooded with intoxicating liquors, unlawfully imported. It is contended that the officers have no right to stop a person carrying a suit case, or satchel, to search for intoxicating liquors, on the ground that that would be a violation of the Fourth and Fifth Amendments to the Constitution. If a suit case or satchel could not be searched and seized without a search warrant, a tin container, jug, or bottle could not be taken away without a search warrant from a man carrying it. If an automobile, a suit case, satchel, tin container, jug, or bottle could not be searched and seized without a search warrant, they could not be seized at all, as a search warrant, under the law, can only be obtained upon affidavit showing that such automobile or other container had intoxicating liquor in it. Such an affidavit cannot be made upon information and belief, but must be positively sworn to. Before a search warrant could be obtained, of course, the effect to be searched would be out of reach. Any person must necessarily reach this conclusion.

Under those circumstances the Eighteenth Amendment would have been stillborn. The act of more than two-thirds of the House of Representatives, more than two-thirds of the United States Senate, in passing such Eighteenth Amendment, and all the states of the Union, with the exception of the two smallest, in approving the Eighteenth Amendment, would have been utterly futile, and would have brought about only chaos and confusion. At the time Congress passed the last act above referred to, automobiles had been seized by the hundreds without a search warrant. Containers of alcohol had been seized by the thousands without a search warrant. Therefore, if Congress had been of the opinion that it was contrary to the Fourth and Fifth Amendments of the Constitution for these things to be done, it is most astounding that Congress did not pass laws regulating such searches and seizures, instead of leaving it to the courts to decide. I think the failure of Congress to act in this matter is a tacit approval

of the many acts which had occurred prior to November 23, 1921, and that automobiles might be searched.

Judge Bourquin, in the case of United States v. Fenton (D. C.) 268 Fed. 221, places the right to search an automobile upon the ground that, as soon as the liquor is transported in violation of the law, it is forfeited to the United States, and that the United States is then vested with the property and possession thereof; that the transporter has no right in the property, and, therefore, he cannot object to its being used in evidence. In support of that proposition, the following authority is cited: Ex parte Morrill (C. C.) 35 Fed. 261, 267.

The opinion of Judge Hand, in the case of United States v. Welsh (D. C.) 247 Fed. 239, and the reasoning therein, is directly in point, though the case is not on this particular subject.

It is my opinion, therefore, that it is not unreasonable for a prohibition enforcement officer to stop automobiles upon the public highway and search them for intoxicating liquors without a warrant, and the finding of the liquor justifies the search.

The motion will be denied.