### BOYD v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. February, 6, 1923.)

No. 2038.

Criminal law ⬉⟩394—Intoxicating liquors ⬉⟩249—Seizure without warrant of vehicle and liquor visibly transported thereby lawful, and testimony thereof admissible.

Under National Prohibition Act, tit. 2, § 26, authorizing seizure of vehicles and liquors found being transported therein in violation of law, where liquor carried in fruit jars on the rear seat of an automobile could be seen by merely looking in the car, the discovery of whisky by this means and its seizure without warrant were expressly authorized, and testimony in regard thereto was properly admissible on trial of the accused.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Criminal proceeding by the United States against D. C. Boyd. From an adverse judgment, defendant brings error. Affirmed.

William M. Smoak, of Aiken, S. C., for plaintiff in error.

Louis M. Shimel, Asst. U. S. Atty., of Charleston, S. C. (J. D. E. Meyer, U. S. Atty., of Charleston, S. C., on the brief), for the United States.

Before WOODS and WADDILL, Circuit Judges, and ROSE, District Judge.

WOODS, Circuit Judge. The issue is whether, under the circumstances, evidence of the finding of intoxicating liquors in an automobile without a warrant by a federal prohibition officer should have been excluded in the trial of the defendant on a charge of illegally transporting intoxicating liquors.

There is high authority for the proposition that the person in possession of forfeited property has no right to the protection of his possession, and that the property is always rightfully subject to seizure on behalf of the government. United States v. Stowell, 133 U. S. 19, 10 Sup. Ct. 244, 33 L. Ed. 555; Taylor v. United States, 3 How. 197, 205, 11 L. Ed. 559; United States v. Welsh (D. C.) 247 Fed. 239. Search and seizure of automobiles without a search warrant in enforcement of the National Prohibition Act (41 Stat. 305) has been justified on this ground. United States v. Fenton (D. C.) 268 Fed. 221; United States v. Bateman (D. C.) 278 Fed. 231; Amos v. United States, 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654.

⬉⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

'But we may leave in abeyance the general question of the right of an officer to search an automobile whenever and wherever he sees fit, to the end that he may obtain evidence and ascertain whether the car and liquor contained in it had been forfeited. Section 26, tit. 2, National Prohibition Act, provides:

"When the commissioner, his assistants, inspectors, or any other officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water, or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof."

The case is presented on this agreed statement of facts:

"Testimony for the prosecution showed that the defendant, D. Chester Boyd, was found by the witnesses for the prosecution, who were prohibition officers, in a public road standing at a short distance from an automobile which was at a spot on the side of the road. In the automobile there was a boy by the name of Tracy Hook. The defendant was standing a few steps away, nearer the side of the road. The prohibition officers, who came up in the car, drove rapidly towards the car, then standing still, and, as they approached, the defendant waved to the boy in the car, and thereupon the boy proceeded to back the car as if to back it away. The officers proceeded to examine and search the car. Thereupon the defendant called to the officers not to touch the car unless they had a search warrant. The officers, notwithstanding that, and notwithstanding that they had no search warrant, proceeded to search the car."

The witnesses were allowed to testify, against the objection of defendant, that upon search of the car they found two gallons of whisky contained in half-gallon fruit jars on the back seat of the car. Since the whisky was in fruit jars on the back seat, the officers could see it by merely looking into the car. While the statement is made that the officers searched the car, there is nothing to indicate that it was necessary for them to do anything more, or that they did anything more, than look into the car to discover the whisky. It is not a search in any legal or colloquial sense for an officer to look into automobile standing on the road side. In no view of the law could it be considered an unreasonable search. Discovery of whisky by this means, and the seizure of the whisky and the car, were authorized by section 26 of the statute, and evidence of the discovery was competent. Elrod v. Moss, (C. C. A. 4th Cir.) 278 Fed. 123; O'Connor v. United States (D. C.) 281 Fed. 396; Lambert v. United States (C. C. A.) 282 Fed. 413. Affirmed.