### MILAM et al. v. UNITED STATES. ⁕

(Circuit Court of Appeals, Fourth Circuit. February 8, 1924.)

No. 2152.

1. **Aliens** ☞56—**Provisions as to harboring, concealing, or transporting held to apply to Chinese.**

The provisions of Immigration Act 1917, § 8 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼dd), making it a criminal offense to harbor, conceal, or transport any alien unlawfully entering the United States, *held* to apply to Chinese aliens.

2. **Searches and seizures** ☞1—**Property employed in commission of crime is subject to seizure.**

Property forfeited by reason of the crime with which it is connected is not entitled to legal protection, and is always rightfully subject to seizure on behalf of the government.

3. **Criminal law** ☞394—**Searches and seizures** ☞7—**Search of truck without warrant held not unreasonable, and evidence obtained admissible.**

Prohibition agents, having definite information that professional criminals were conveying in a motor car a quantity of whisky along a certain road about a certain time, and who were on the watch to intercept it, stopped defendants' truck, opened it, and found a number of Chinese in the course of unlawful transportation. *Held*, that the search was not unreasonable nor unlawful, though made without a warrant, and that the evidence thereby obtained was competent against defendants.

In Error to the District Court of the United States for the Eastern District of Virginia, at Richmond; D. Lawrence Groner, Judge.

Criminal prosecution by the United States against Louis Milam and others. Judgment of conviction, and defendants bring error. Affirmed, but sentence modified.

John P. Flanagan and L. O. Wendenburg, both of Richmond, Va. (C. Jay Hardee, of Tampa, Fla., on the brief), for plaintiffs in error.

Callom B. Jones, Asst. U. S. Atty., of Richmond, Va., and Lester S. Parsons, Asst. U. S. Atty., of Norfolk, Va. (Paul W. Kear, U. S. Atty., of Norfolk, Va., on the brief), for the United States.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. There was a general verdict of guilty on an indictment containing four counts, each charging a separate conspiracy to conceal, harbor, transport, and convey persons of Chinese descent not duly admitted into the United States by an immigration inspector, nor entitled to reside in the United States. The chinaman

mentioned in the first count was 'Moy Gong Chue, alias Lee Chu; in the second, Tong Yuen, alias Poy Jong; in the third, Gee Yuen, alias Toi Lock. In the fourth count 18 Chinamen were mentioned by name, including those mentioned in the first, second, and third counts. The sentence was that the defendants—

"each be imprisoned in the penitentiary at Atlanta, Ga., for the period of two years under each of the three counts of the indictment, said terms of imprisonment to commence in each instance at the expiration of the term of two years on each of the three counts."

It does not clearly appear which three of the four counts was referred to in the sentence, but, as the fourth embraced the other three, it seems fair to refer the sentence to the first three counts. The court refused a motion to direct a verdict of acquittal, made on the grounds: First, that the Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼a et seq.), mentioned in the indictment, does not apply to Chinese; and, second, that the court admitted evidence obtained by illegal search, without which there would have been no basis for conviction.

[1] The first position is disposed of by the adverse decision of the Supreme Court on the precise question. United States v. Butt, 254 U. S. 38, 41 Sup. Ct. 37, 65 L. Ed. 119. The evidence referred to in the second ground was obtained in this way: Federal prohibition officers, having information that an automobile loaded with whisky was on its way from Florida, via Savannah, had been on the watch for several days to intercept it at a bridge in Dinwiddie county, Va. About 10 o'clock on the night of August 16, 1922, the officers, without a search warrant, stopped at the bridge a motor truck in charge of two of the defendants. In answer to the question what was in the truck, Milam, one of them, answered, "Nothing." One of the officers then opened the door of the truck, and discovered 18 Chinamen referred to by name in the indictment.

The decisions of the Supreme Court as to the incompetency of evidence obtained by unreasonable search and seizure are too familiar for restatement or citation. As they do not control in the enforcement of state laws, many state courts of last resort have refused to follow them. Review of the decisions, federal and state, will be found in the notes in 3 A. L. R. 1514, 13 A. L. R. 1316, and 24 A. L. R. 1408; documents 3713 and 3781, printed for use of the Judiciary Committee of the Senate; annotation of H. R. 7294; American Bar Association Journal, August, 1922, and December, 1923; 34 Harvard Law Review, 361.

Full effect must be given here to the decisions of the Supreme Court holding that evidence obtained by an unreasonable, and therefore unlawful, search is not competent. Search of a dwelling house, possibly any house, without the authority of a search warrant, the court has declared as a general rule unlawful. But it has not declared unlawful all searches without warrant. It has not declared unlawful search without warrant of motor vehicles for intoxicating liquor or other evidence of crime. Nor has the court ever explicitly decided that, if officers making an unlawful search for the discovery of evidence of one

crime find evidence of another, the evidence so unexpectedly discovered may not be used.

We are not inclined to extend the rule of exclusion of evidence obtained by unlawful search beyond the decisions of the Supreme Court. The constitutional expression, "unreasonable searches," is not fixed and absolute in meaning. The meaning in some degree must change with changing social, economic and legal conditions. The obligation to enforce the Eighteenth Amendment is no less solemn than that to give effect to the Fourth and Fifth Amendments. The courts are therefore under the duty of deciding what is an unreasonable search of motor cars, in the light of the mandate of the Constitution that intoxicating liquors shall not be manufactured, sold, or transported for beverage purposes. Every constitutional or statutory provision must be construed, with the purpose of giving effect, if possible, to every other constitutional and statutory provision, and in view of new conditions and circumstances in the progress of the nation and the state. Downes v. Bidwell, 182 U. S. 244, 21 Sup. Ct. 770, 45 L. Ed. 1088; South Carolina v. United States, 199 U. S. 437, 26 Sup. Ct. 110, 50 L. Ed. 261, 4 Ann. Cas. 737; Elrod v. Moss (C. C. A. 4th Circuit) 278 Fed. 123, 129; Agnello v. United States (C. C. A. 2d Circuit) 290 Fed. 671.

In view of the difficulties of enforcing the mandate of the Eighteenth Amendment and the statutes passed in pursuance of it, we cannot shut our eyes to the fact known to everybody that the traffic in intoxicating liquors is carried on chiefly by professional criminals in motor cars. Robberies and other crimes are committed, and criminals escape by their use. To hold that such motor cars must never be stopped or searched without a search warrant would be a long step by the courts in aid of the traffic outlawed by the Constitution. The argument in favor of stopping and searching without warrant motor cars in the effort to detect robbery and other crimes and to discover stolen goods is also very strong, but with that we are not now concerned. Objections to such searches made by officers with due courtesy and judgment generally come, not from citizens interested in the observance of the law, but from criminals who invoke the Constitution as a means of concealment of crime.

[2] Property forfeited by reason of the crime with which it is connected is not entitled to legal protection. A person in possession of forfeited property has no right to the protection of his possession, and such forfeited property is always rightfully subject to seizure on behalf of the government. United States v. Stowell, 133 U. S. 19, 10 Sup. Ct. 244, 33 L. Ed. 555; Taylor v. United States, 3 How. 197, 205, 11 L. Ed. 559; Boyd v. United States (4th Circuit) 286 Fed. 930; United States v. Welsh (D. C.) 247 Fed. 239. Search and seizure of automobiles without search warrant in enforcement of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) has been justified on this ground. United States v. Fenton (D. C.) 268 Fed. 221; United States v. Bateman (D. C.) 278 Fed. 231; United States v. Rembert (D. C.) 284 Fed. 996. We leave in abeyance the general question of the right of an officer to search an automobile whenever and where-

ever he sees fit, to the end that he may obtain evidence and ascertain whether the car and liquor contained in it had been forfeited.

[3] The case before us is this: Federal prohibition officers, having definite information that professional criminals were conveying in a motor car a quantity of whisky along a certain road about a certain time, were on the watch to intercept it. They stopped the defendants' truck, opened it, and found, instead of whisky, Chinamen in the course of unlawful transportation. Assuming that this was a search of the truck, under these circumstances we hold that the search was not unreasonable, and that the evidence obtained was competent.

We are of opinion that only two conspiracies were proved. One was to transport and conceal the 2 Chinamen, Poy Jong and Li Fong, alias Li Fing, brought from Cuba. There was no proof of a separate conspiracy, except as to the other 16 Chinamen. On the contrary, precisely the same proof of conspiracy was adduced as to all the other 16 in the course of transportation. Gavieres v. United States, 220 U. S. 338, 31 Sup. Ct. 421, 55 L. Ed. 489. It follows that the sentence should have been imposed for conviction on two counts, instead of three counts, of the indictment. The sentence, must therefore be reduced to two terms of two years each under each of two counts of the indictment.

Sentence modified.

ROSE, Circuit Judge, concurs in result.