## STAFFORD et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. July 31, 1924.)

No. 4011.

1. **Criminal law ⬀327—Under plea of not guilty, government has burden of establishing guilt.**

   Defendant's plea of not guilty places burden on government to establish his guilt on each count of indictment beyond a reasonable doubt.

2. **Conspiracy ⬀47—Intoxicating liquors ⬀236(20)—Evidence held not to support conviction as to conspiracy, and sufficient only as to automobile driver to support conviction for transportation.**

   Evidence that two defendants were riding in an automobile in which intoxicating liquor was being transported, and when car was wrecked driver attempted to escape, *held* not to support conviction of conspiracy to transport liquor, in violation of National Prohibition Act, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa), and sufficient only as to driver to support conviction for unlawful transportation.

⬀For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Conspiracy ⟷47—Rule as to proof of charge of conspiracy stated.**

To sustain a charge of conspiracy, government need not furnish direct proof of unlawful agreement, but such a charge may be sustained by showing concert of action in commission of an unlawful act, or proof of other facts from which natural inference arises that unlawful overt act was in furtherance of a common design of alleged conspirators.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Frank D. Stafford and J. W. Shelton were convicted under the first count of an indictment of conspiring to unlawfully transport whisky,. and under the second count of unlawful transportation of whisky, and they bring error. Judgment reversed as to defendant Shelton on ,both counts, and as to defendant Stafford on the first count, and cause remanded.

See, also, 296 Fed. 702.

Charles Fennell and King Swope, both of Lexington, Ky., for plaintiffs in error.

Sawyer A. Smith, U. S. Atty., of Covington, Ky. (John E. Shepard and Rodney G. Bryson, Asst. U. S. Attys., all of Covington, Ky., on the brief), for the United States.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. The plaintiffs in error were tried and convicted in the District Court on an indictment containing two counts. The first count charges a conspiracy unlawfully to transport 100 gallons of whisky in violation of section 3·of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½aa). The second count charges the unlawful transportation of 100 gallons of whisky for beverage purposes; such transportation being then and there prohibited and unlawful. The trial court overruled the demurrer to this indictment and also overruled ".a motion to quash the testimony and for the return of the property seized by prohibition agents J. M. Wakefield and J. T. Tartar, acting without a search warrant or warrant of arrest."

A bill of particulars was filed in which it was stated that the conspiracy alleged in the indictment took place on or about the 4th day of April, 1923, in Jassamine and Woodfield counties, Ky. That the whisky was contained in 16 five-gallon kegs and was transported in a Buick roadster along the public highways in said counties. The defendants offered no testimony, but at the close of the evidence for the government moved for a directed verdict, which motion was overruled and exceptions noted. The defendants were convicted and sentenced upon both counts.

The indictment in this case states facts sufficient to charge these defendants with a conspiracy to commit an offense against the United States and within the jurisdiction of the court, and also with the actual commission of the offense of unlawfully transporting intoxicating liquor for beverage purposes within the Eastern district of Kentucky, and without reference whatever to the bill of particulars fully advised the defendants of the offenses charged and which they would be required

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to meet on the trial of the cause. Miller v. U. S., 300 Fed. 529, decided by this court June 30, 1924, and cases there cited. The motion "to quash the testimony and return the property seized" was, under the facts proven in this case, properly overruled. Section 26, title 2, National Prohibition Act (41 Stat. 305, 315 [Comp. St. Ann. Supp. 1923, § 10138½mm]); Boyd v. U. S. (C. C. A.) 286 Fed. 930.

[1, 2] The defendants' plea of not guilty placed the burden upon the government to establish the guilt of the defendants upon each count of this indictment beyond a reasonable doubt. To meet this burden the government offered as witnesses the two prohibition enforcement officers who made the arrest. These witnesses testified that they were driving along the highway in an opposite direction from the direction in which these defendants were going; that when they passed the defendants they saw something covered over in the rear part of the automobile, and for that reason turned and followed it. The defendants, or one of them, drove the Buick roadster at about 55 miles an hour without slackening for curves, and in making a reverse curve the rear end of defendant's car left the roadway and struck the fence; that the defendant Stafford, who it is claimed was the owner of this car, or at least was driving it, then jumped out of the car and started to run away. One of the officers shot in the air to frighten him and he stopped and came back toward the car. The defendant Shelton was standing by the side of the car when the officers reached him. After arresting both defendants the officers searched the car and found therein 16 kegs of whisky containing 5 gallons each.

[3] The government offered no other or further evidence to prove the charge of conspiracy, except that these two defendants were riding in the car in which the intoxicating liquor was being transported, and when the car was wrecked Stafford attempted to escape. To sustain a charge of conspiracy the government need not furnish direct proof of the unlawful plan or agreement, but such charge may be sustained by evidence showing a concert of action in the commission of an unlawful act, or by proof of other facts from which the natural inference arises that the unlawful overt act was in furtherance of a common design of the alleged conspirators. Windsor v. U. S. (C. C. A.) 286 Fed. 51.

In Windsor v. U. S., supra, this court sustained a conviction for conspiracy where a person riding in, but not driving, a car in which intoxicating liquors was being unlawfully transported, jumped from the car and fled from the arresting officer, upon the theory that flight indicated guilty knowledge, but in this case it was the driver of the car that attempted to escape. While perhaps it does not clearly appear that Stafford was the driver of this car, nevertheless that fact was conceded in the argument of the case, and the trial court so stated in its opinion upon the motion to quash. Stafford, as the driver of the car, must be held to have had knowledge that it was then and there being used for the unlawful transportation of intoxicating liquors. There is no evidence whatever tending to show when or under what circumstances Shelton got into this car. He may have had knowledge at the time he got into the car of the unlawful purposes for which it

was then being used, or he may have acquired such knowledge after he became a passenger in the car and still have had no connection whatever with the unlawful project. The fact that he was riding in the car with Stafford is a suspicious circumstance, but suspicious circumstances do not constitute proof of guilt beyond a reasonable doubt. On the other hand, he may not have had any knowledge whatever as to the contents of the car, and for that matter may have been an entire stranger to Stafford and riding in the car at his invitation.

In the opinion of this court, the evidence offered on the part of the government in this case is not sufficient to furnish a substantial basis for a finding by the jury, beyond a reasonable doubt, that Shelton had entered into a conspiracy with Stafford for the commission of this offense, or that he was aiding or participating in the commission thereof.

For the reasons stated, the judgment of the District Court is reversed as to Shelton on both counts, and as to Stafford upon the first count. The cause is remanded for sentence of Stafford upon the second count, and for further proceedings in accordance with this opinion.