PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ANTONIO GUZMÁN, Defendant and Appellant.

No. 2285. Argued January 22, 1925.—Decided April 13, 1925.

1. INTOXICATING LIQUOR—SEARCH AND SEIZURE.—In each particular case the court must determine from the facts of the case whether the search and seizure of an automobile was reasonable.

2. ID.—ID.—GROUNDS FOR SEARCH.—Knowledge by the police that liquors were being transported and the excessive rate of speed of the automobile in violation of the law were sufficient reasons for searching the automobile.

3. ID.—ID.—EVIDENCE—RETURN OF SEIZED LIQUORS.—Even if the liquors were seized unlawfully and, therefore, were not admissible in evidence, they should not be returned to the defendant.

District Court of Humacao, Pablo Berga, J. Judgment of conviction in a prosecution for violation of the National Prohibition Act. *Affirmed.*

*Ismael Soldevila* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an appeal from a judgment of the district court convicting the defendant of a violation of section 3 of title 2 of the National Prohibition Act (41 Stat. 305, Fed. Stat. Ann. 1919, p. 202).

The appellant assigns the following errors:

"1. The trial court erred in taking jurisdiction of this case inasmuch as the complaint was made in the name of The People of Porto Rico instead of in the name of the United States.

"2. The court *a quo* erred in admitting in evidence the bottles illegally seized by the government's agents.

"3. The court below erred in not ordering that the said bottles be returned to the defendant."

We need not consider the first assignment, for it raises a question that was decided in the cases of *People* v. *Rodríguez,* 33 P.R.R. 379, and *People* v. *Baragaño,* 33 P.R.R. 949.

The second assignment refers to the search made by the Government's agents of the automobile in which they found the intoxicating liquor, and to the admission in evidence of the bottles of liquor over the defendant's objection. The appellant alleges that the search was illegal because it was not made under a search warrant, and that the evidence obtained by violent and unlawful means without such a warrant could not be used against the defendant, as it would amount to compelling him to be a witness against himself. The proposition of the appellant is that in no case can an automobile used in the unlawful transportation of liquors or contraband be searched without a search warrant. As tending to support this theory the appellant cites numerous decisions of the Supreme Court of the United States referring to the searching of private dwellings. He relies particularly on the case of *Weeks* v. *United States,* 232 U. S. 383, which involves the search of correspondence. But Blakemore, in his recent work on Prohibition, in discussing the same matter and referring to the particular case cited by the appellant, says:

"The question of the return of liquors where it is claimed that there has been an illegal seizure is in great confusion due largely to the Supreme Court decision in the case of *Weeks* v. *United States,* 232 U. S. 383. The Supreme Court of Ohio uses the following language:

" 'The courts of many of the states of the union have had occasion to deal with this exact question, and in more than a score of the states it has been emphatically declared that intoxicating liquors, stolen property, gambling paraphernalia, burglars' tools, narcotic drugs, counterfeiting devices, lottery tickets, and other kinds and classes of contraband property, the mere possession of which constitutes an unlawful act, may not be ordered returned, even though such property has been taken from persons accused of crime without lawful process, and in only three or four states has a contrary rule been declared. To enter upon a discussion of all of these cases, or even to give a list of them, would extend this opinion to unreasonable proportions. In those states where a contrary rule has been declared it appears that they have attempted to follow an erroneous interpretation of certain decisions of the Supreme Court of the United States. Before proceeding to a discussion of those cases it should be remarked that almost uniformly the United States district courts and the United States courts of appeal have declared that such property may not be returned, and have pointed out the true distinction between ordering the return of lawful property and those classes of property which have been declared contraband and the mere possession of which constitutes an offense * * *.' *Rosanski* v. *State* (Ohio), 140 N. E. 370." Blakemore on Prohibition, pp. 351–352.

However, we are in accord with all of the other citations made by the appellant in so far as they relate to the search of private dwellings, and agree that they are of local application, inasmuch as subdivisions 3, 13 and 14 of section 2 of our Organic Act of March 2, 1917, contain provisions similar to the Fourth and Fifth Amendments to the Federal Constitution. In any event we may say that Congress, in enacting the Prohibition Act, took good care to leave in full force the said amendments and the applicable jurisprudence, for section 25 of Title II of the Volstead Act (Session Laws of Porto Rico, 1923, p. 96; Fed. Stat. Ann. 1922, p. 273) restricts the searching of private dwellings for liquor and establishes a certain difference between the search of private dwellings and of vehicles used in transporting intoxicants.

[1] In relation to the intention of Congress in this respect the following is said in Blakemore on Prohibition at page 333:

"Section 25 of the Volstead Act restricting search of private dwellings and section 26 declaring it the duty of the commissioner to seize any vehicle transporting liquor and section 6 of the Act of November 23, 1921, are the only provisions of law on the question. If Congress had been of the opinion that to search automobiles on a public highway without a search warrant was unreasonable it would have included this prohibition with the prohibition as to dwellings in section 25, but it did not do so. This would seem to be a sanction by Congress to search vehicles or other buildings or property without a warrant, unless the same was done maliciously and without reasonable cause. There is no legislation of Congress upon the subject of searches and seizures of automobiles, and the court must in each individual case determine, as a judicial question, whether or not the search and seizure of an automobile is an unreasonable search or seizure in view of all the circumstances in the case."

[2] In this case the evidence showed that the Government's agents had reasonable grounds for searching the automobile without a warrant. The automobile was being driven over a public road at an excessive rate of speed when it passed the place where two policemen were stationed. They knew that liquors were being transported between Río Grande and Luquillo and this, together with the excessive rate of speed of the automobile, which of itself was a violation of the local law governing the use of motor vehicles, led the said agents reasonably to believe that the automobile was transporting liquors and caused them to follow it in another automobile, as a result of which they were able to stop and search the automobile, finding 36 bottles of "Three Star Hennessy brandy, of which 12 were in a small bag on the floor of the rear part of the car, each bottle being enveloped in straw, and the rest of the bottles under the rear seat of the automobile." The quotation is from the testimony of Quijano, an insular policeman.

The *fiscal* cites the case of *United States* v. *Bateman*, 278 Fed. 231, wherein the following is said:

"In view of the impossibility of procuring warrants for the search of automobiles suspected of transporting intoxicating liquors, the officers have a right, without warrant, to stop and search automobiles, and the finding of liquor therein justifies the search."

That holding was repudiated in the case of *United States* v. *Kaplan*, 286 Fed. 973, in which the return of liquors seized in an automobile searched without a warrant was denied, but the court said:

"When search is made without warrant, it is equally essential that reasonable grounds therefor shall exist; but in such case, by reason of its being impracticable to procure a warrant, the conclusion as to the existence of such reasonableness must be determined by the officer, *and at his risk.*"

In the present case the mere violation of the statute regulating the speed of motor vehicles on public highways (section 13 of the Act of April 13, 1916; Session Laws of 1916, p. 148) justified the police in stopping the automobile and arresting the chauffeur.

In the *Kaplan Case, supra,* the following is said at page 973:

" 'At common law it was always lawful to arrest a person without warrant, where a crime was being committed in the presence of an officer and to enter a building without warrant, in which such crime was being perpetrated.' McBride v. United States (C.C.A. Fifth Cir.) 284 Fed. 416,419; Vachina v. United States (C.C.A. Ninth Cir.) 283 Fed. 35. This right has not been taken away by either constitutional or statutory provisions, and is so well established that further citation is unnecessary."

In *Boyd* v. *United States*, 286 Fed. 930, the Circuit Court of Appeals for the Fourth Circuit held:

"Under National Prohibition Act, tit. 2, par. 26, authorizing seizure of vehicles and liquors found being transported therein in

violation of law, where liquor carried in fruit jars on the rear seat of an automobile could be seen by merely looking in the car, the discovery of whisky by this means and its seizure without warrant were expressly authorized, and testimony in regard thereto was properly admissible on trial of the accused.''

Section 26 of Title 2 of the National Prohibition Act provides as follows:

''When the commissioner, his assistants, inspectors or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof.''

It is important to say that although in the *Boyd Case,* *supra,* direct application was made of said section 26, leaving in abeyance as a general question the right of an officer to search an automobile whenever and wherever he may think proper in order to obtain evidence, etc., it is expressly indicated that when it is possible to discover by the senses the existence of liquor in an automobile and it is actually so discovered, there is no search, because it is not a search in any legal or colloquial sense for an officer to look into an automobile standing on the road.

In the instant case after the automobile was stopped the agents could see at a glance the bag on the floor of the rear part of the car and observe without difficulty the shape of the containers.

In the *Boyd Case* it was held also as a general proposition that—

''There is high authority for the proposition that the person in possession of forfeited property has no right to the protection of his·

possession, and that the property is always rightfully subject to seizure on behalf of the government. United States v. Stowell, 133 U. S. 19, 10 Sup. Ct. 244, 33 L. Ed. 555; Taylor v. United States, 3 How. 197, 205, 11 L. Ed. 559; United States v. Welsh (D. C.) 247 Fed. 239. Search and seizure of automobiles without a search warrant in enforcement of the National Prohibition Act (41 Stat. 305) has been justified on this ground. United States v. Fenton (D. C.) 268 Fed. 221; United States v. Bateman (D. C.) 278 Fed. 231; Amos v. United States, 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654.''

Nor is the third assignment well taken, for, assuming for the sake of argument that the evidence obtained by the Government could not be used against the defendant, he has no right to a return of the liquor.

In the case of *United States v. Rykowski,* 267 Fed. 866, the following was held:

''4. Where liquors and stills being used by defendants in violation of the law were seized by officers acting under invalid search warrants, the property will not be returned to defendants, though the evidence obtained by the search cannot be used against them, because of the illegal methods by which it was procured.''

This holding was cited in *United States v. Kaplan, supra,* as the correct statement of the law in opposition to the rule laid down in *United States v. Ray & Schultz,* 275 Fed. 1004, which was disapproved, the court adding the following in which we concur:

''Unless, therefore, the petition for the return of liquor, alleged to have been unlawfully seized, affirmatively shows that the petitioner is legally permitted to have possession of the liquor, the effort is to recover the possession of physical property whose possession will be a crime. There is no law requiring or justifying the return of property to any one whose possession of it will constitute a crime, or whose use of it can be only for committing a crime.''

Finally the question concerning the search of automobiles and the seizure of the intoxicants being transported has been

definitely settled in a recent decision of March 2, 1925, by the Supreme Court of the United States in *Carroll et al. v. United States* (267 U. S. 132, 147, 149, 162, 69 L. Ed. 347) wherein the rules referred to are upheld and the following, among other things, is said:

"The intent of Congress to make a distinction between the necessity for a search warrant in the searching of private dwellings and in that of automobiles and other road vehicles is (*sic*) the enforcement of the Prohibition Act is thus clearly established by the legislative history of the Stanley Amendment. Is such a distinction consistent with the Fourth Amendment? We think that it is. The Fourth Amendment does not denounce all searches or seizures, but only such as are unreasonable.

"  *          *          *          *          *  .          *          *

"On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid. The Fourth Amendment is to be construed in the light of what was deemed an unreasonable search and seizure when it was adopted, and in a manner which will conserve public interests as well as the interests and rights of individual citizens.

"  *          *          *          *          *          *          *

"In the light of these authorities, and what is shown by this record, it is clear the officers here had justification for the search and seizure. This is to say that the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient in themselves to warrant a man of reasonable caution in the belief that intoxicating liquors were being transported in the automobile which they stopped and searched."

It is well to explain, however, that although the rule is that an automobile or other motor vehicle carrying concealed contraband may be searched without a warrant, an arbitrary search or one based on mere suspicion is not justified. Hence the dividing line between legal and illegal searches, according to the circumstances of each case, at-

tempted to be established in the *Carroll Case*. In this regard the Supreme Court of the United States said:

"Having thus established that contraband goods concealed and illegally transported in an automobile or other vehicle may be searched for without a warrant, we come now to consider under what circumstances such search may be made. It would be intolerable and unreasonable if a prohibition agent were authorized to stop every automobile on the chance of finding liquor and thus subject all persons lawfully using the highways to the inconvenience and indignity of such a search. * * * But those lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless there is known to a competent official authorized to search, probable cause for believing that their vehicles are carrying contraband or illegal merchandise. (Pages 153, 154.)

" *       *       *       *       *       *       *

"We here find the line of distinction between legal and illegal seizures of liquor in transport in vehicles. It is certainly a reasonable distinction. It gives the owner of an automobile or other vehicle seized under Section 26, in absence of probable cause, a right to have restored to him the automobile, it protects him under the *Weeks* and *Amos* cases from use of the liquor as evidence against him, and it subjects the officer making the seizures to damages. On the other hand, in a case showing probable cause, the Government and its officials are given the opportunity which they should have, to make the investigation necessary to trace reasonably suspected contraband goods and to seize them." (Page 156).

[3] In the same case the return of the seized liquor was also denied, and although that question was discussed only incidentally, mention was made of the *Kaplan Case*, the doctrine of which we have adopted in denying the petition for the return of the liquor directly made by the appellant in this case.

For all of the foregoing reasons the judgment below must be affirmed.

Justices Wolf and Hutchison dissented.