## MIDDLETON v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
April 23, 1929.

No. 5545.

Burton G. Henson, of Tampa, Fla., and Roger E. Davis, of Miami, Fla., for appellant.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., and Francis L. Poor, and Louis S. Joel, Asst. U. S. Attys., both of Jacksonville, Fla.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. Appellant John Middleton was convicted upon an indictment which charged him with bringing four aliens into the United States "at North West Bar Bell Buoy near Key West, Florida," in violation of section 8 of the Immigration Act of 1917, 8 USCA § 144.

It is contended on this appeal that the evidence was insufficient to sustain a conviction, because it was not shown that appellant actually landed the aliens in the United States. The facts are not in dispute. The aliens were not entitled to enter the United States. They made arrangements with unidentified persons in Havana for transportation to Key West, and were taken by those persons to Middleton, who brought them in a small motorboat from a point on the coast of Cuba near Havana through the Northwest Channel and by the bell buoy described in the indictment, which is some seven or eight miles northwest of Key West, but is less than three miles from an uninhabited island, and then to a point about five miles to the northeast, where the motorboat caught fire from an explosion, which occurred about nine o'clock in the morning. The fire did not completely destroy the boat, and the aliens made their way with it to the northwest bell buoy, which they had passed about half an hour before. Middleton swam toward Key West for assistance, but both he and the aliens were later taken on board a passing boat and carried into Key West. On the trip from Cuba, Middleton did not take the direct route into Key West, perhaps because he did not think it safe to do so, or because he had lost his way. At any rate, the boat went aground in

shallow water within half a mile of one or more of the Florida Keys in the vicinity of Key West. After receiving directions from a fisherman, he proceeded to the Northwest Channel. One of the aliens testified that he suggested to Middleton to put them ashore on one of the keys, but that Middleton replied that they would "get through all right." About an hour afterwards the explosion occurred.

It is suggested in argument that Middleton would not have violated the law if it had been his intention merely to pass through the Northwest Channel on his way to some other port, but Middleton made no pretense that he had any such intention. Nor did he deny the testimony of the aliens that the common purpose was to come into the United States at or near Key West in violation of the statute. It is beyond dispute that he brought the aliens into the territorial waters of the United States when he came within half a mile of the Keys, and also when he passed by the bell buoy of the Northwest Channel within three miles of an island. It does not make any difference that these islands were uninhabited; it is sufficient that they were islands of the United States. The statute under consideration provides that any person who shall "bring into or land in the United States, by vessel or otherwise," any alien not lawfully entitled to enter, shall be deemed guilty of a misdemeanor. The words "bring into" are not synonymous with, but are more comprehensive than, the words "land in," and were intended by the statute to punish violations of the immigration laws in cases where an actual landing or placing of aliens on shore could not be shown. It was so held in United States v. Butt, 254 U. S. 38, 41 S. Ct. 37, 65 L. Ed. 119. In that case a ruling in Stoneberg v. Morgan (C. C. A.) 246 F. 98, which sustained the contention now made by appellant was expressly disapproved by the Supreme Court.

The judgment is affirmed.