## LINK v. UNITED STATES.
### No. 6021.

Circuit Court of Appeals, Sixth Circuit.
March 14, 1932.

O. Guy Frick, of Detroit, Mich., for appellant.

Vincent F. McAuliffe, of Detroit, Mich. (Gregory H. Frederick, of Detroit, Mich., on the brief), for the United States.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

Appellant was indicted for violating section 8 of the Immigration Act of February, 1917 (8 USCA § 144). Upon arraignment he waived the reading of the indictment, pleaded guilty, and was sentenced by the court. Later he moved to set aside the judgment and sentence upon the ground that the indictment did not charge an offense. The motion was overruled, and this appeal followed.

The indictment charges that appellant unlawfully, willfully, and knowingly attempted to bring into and land in the United States an alien "not being then and there lawfully entitled to enter and reside within the United States" The statute makes it an offense for any person to attempt "to bring into or land in the United States * * * any alien not duly admitted by an immigrant inspector or not lawfully entitled to enter or to reside within the United States." Appellant contends that the only purpose of the statute is to prevent the bringing into or landing in this country of an alien so as to avoid inspection and examination, and hence it was necessary that the indictment allege that appellant attempted to bring into or land in the United States an alien "not duly admitted by an immigrant inspector." We do not think the statute is to be so narrowly construed. Its purpose, it seems to us, is to make effective the inhibitions of the immigration laws against the admission of aliens. It is thus made an offense to bring into or land in this country an alien "not lawfully entitled to enter." See, in this connection, Middleton v. United States (C. C. A.) 32 F.(2d) 239. To commit this offense, the landing or bringing in must be completed—there must be an entry. It is also an offense to attempt to bring into or land in the country an alien "not lawfully entitled to enter."

The gravamen of this offense is an attempt without success, the alien not being landed or brought in. In the first offense there must be a bringing in or landing of the alien. Whether, in charging the offense in an indictment, it is necessary to allege that the alien was "not duly admitted by an immigrant inspector," we need not decide. Certainly it is not required where the allegation charging the offense—an attempt without success—negatives the possibility of inspection. In such case the indictment is sufficient if it alleges the act forbidden by the statute, that is, an unlawful attempt to bring into or land in the United States an alien "not lawfully entitled to enter." McFarland v. United States, 19 F.(2d) 805, 806 (6 C. C. A.), does not hold otherwise. What does or does not amount to such an attempt depends, of course, on the character of the act. We are not here concerned with that question, but only with the averments of the indictment, which are sufficient.

The judgment is affirmed.