## UNITED STATES v. CAMAROTA et al.

(District Court, S. D. California, N. D.　February 6, 1922.)

No. 493.

1. **Intoxicating liquors ⊂⊃249, 255—Apparatus properly seized on premises by officer searching for intoxicating liquors, and will not be ordered returned or destroyed.**

   An officer, searching premises under a search warrant authorizing a search for intoxicating liquors, had a right in the performance of his general duty to prevent the commission of crime to seize articles designed to manufacture intoxicating liquor found on such premises, and, no trespass having been committed, they would not be ordered returned or destroyed, though they were not mentioned in the warrant.

2. **Intoxicating liquors ⊂⊃249—Occupant cannot avoid effect of search warrant by absenting himself.**

   The occupant of premises for the search of which a prohibition warrant is issued cannot avoid the effect of the search warrant by absenting himself from the premises.

3. **Intoxicating liquors ⊂⊃249—Search warrant need not name any person.**

   Under Act June 15, 1917, tit. 11, § 6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f), it is not necessary that a search warrant authorizing a search for intoxicating liquors shall name any particular person; the name of the place to be searched being sufficient.

Criminal prosecution by the United States against Joe Camarota and another. On motion by the defendant named for the return or destruction of certain property taken without a search warrant. Motion denied.

Joseph C. Burke, U. S. Atty., by Herbert N. Ellis, Asst. U. S. Atty., of Los Angeles, Cal.

H. L. Meyers, of Fresno, Cal., for defendants.

TRIPPET, District Judge. The defendant Camarota moves the court in this case to return or to destroy certain property taken by a prohibition officer without a search warrant, and upon his motion he states the facts and the grounds for his motion to be as follows:

"On the 18th day of August, 1921, the federal agent, T. J. Nicely, obtained a search warrant from the United States commissioner at Fresno, California, which search warrant authorized him to search the private premises at 1607 E street, in the city of Fresno, county of Fresno, California, and the property to be searched for named in the warrant was intoxicating liquor; that on the evening of the same day the state federal agent entered the premises known as 1607 E street, in said city, while no one was in possession of said premises, and after searching the same took therefrom the following articles: One 10-gallon copper still and coil complete; one 3-gallon keg moonshine brandy, four 5-gallon demijohns mash; one 50-gallon barrel grape mash. Copy of said search warrant was served on defendant Allamprese, who was sitting in the yard in the rear of said premises. Defendant Camarota was not present when the search was made, and no warrant was served or shown to him, and theretofore no complaint was filed against Camarota. That on the next day, after having obtained the articles mentioned hereinabove, the said T. J. Nicely swore out a complaint for the arrest of said defendant Joe Camarota, charging him with possessing certain articles designed to manu-

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

facture intoxicating liquor, and maintaining a common nuisance at his residence, and also charged him with manufacturing intoxicating liquor. * * * That thereafter, in November, 1921, an information was filed against the said defendants charging them with violation of sections 3, 21, and 25 of title II of the National Prohibition Act of October 28, 1919. * * * That no warrant was issued or complaint filed against defendant Camarota until after the entry upon his premises under the search warrant and seizure of the articles named. That no search warrant, or copy thereof, was served or shown to the defendant Camarota at any time. That search warrant issued to search defendant Camarota's premises authorized the federal agent to search only for intoxicating liquor. That the name of the defendant Camarota did not appear in the search warrant. * * * Upon the above statement of facts defendant Camarota filed a petition in the above-entitled court, praying for the return or destruction of all of the property taken under such search warrant from defendant Camarota's residence, except the intoxicating liquor, which said petition is based upon the following principles of law: That the said seizure is in violation of defendants' rights guaranteed them by the Fourth and Fifth Amendments to the United States Constitution. That said seizure is in violation of the law governing search warrants."

This question is governed by the principles announced in the following cases: Adams v. New York, 192 U. S. 585, 595, 24 Sup. Ct. 372, 48 L. Ed. 575: Weeks v. United States, 232 U. S. 383, 398, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Silverthorne Lumber Co. v. U. S., 251 U. S. 385, 391, 40 Sup. Ct. 182, 64 L. Ed. 319.

[1-3] Under the ruling in the case of Adams v. New York, supra, there is no question that the motion should be denied. The last two cases, however, are in conflict with the case of Adams v. New York in some particulars. I take it, however, that in neither of the last two cases does the court take the position that property obtained without the officer having committed a trespass should be destroyed or returned. The officer in the case before the court did not commit a trespass. The defendant Camarota certainly could not avoid the effects of a search warrant by absenting himself from the premises. It is not necessary that the search warrant name a particular person; the name of the place to be searched is sufficient. Act June 15, 1917, tit. 11, § 6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f); U. S. v. Borkowski (D. C.) 268 Fed. 408.

The officer, having entered upon the premises without having committed a trespass, and thus being lawfully there, and seeing a crime being committed, had a perfect right, and it was his plain duty, to seize the articles which were being used in committing the crime. In making such seizure, the officer could not do so by virtue of the search warrant, but in the performance of his general duty to prevent the commission of crime. United States v. Fenton (D. C.) 268 Fed. 221; Ex parte Morrill (C. C.) 35 Fed. 261, 267; 20 Stat. at Large, 341, § 9 (Comp. St. § 1676); United States v. Welsh (D. C.) 247 Fed. 239.

The motion will be denied.