## MURBY v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. November 6, 1924.)

No. 1758.

1. **Intoxicating liquors ⊂⊃249—Search warrant held not invalid, because not issued until 4 days after evidence was procured.**

An affidavit that affiant purchased intoxicating liquor in a place conducted as a saloon 4 days previously *held* sufficient basis for issuance of a warrant to search the place for intoxicating liquor.

2. **Intoxicating liquors ⊂⊃249 — Execution of search warrant within 10 days held legal.**

Execution of a search warrant to search premises for intoxicating liquor within 10 days after issuance *held* legal.

3. **Criminal law ⊂⊃1202(3)—Evidence to prove charge of second offense held competent.**

On the trial of defendant for unlawful possession of intoxicating liquor, charged as a second offense, testimony of the clerk of the court, identifying defendant as the person previously convicted, *held* competent.

In Error to the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Criminal prosecution by the United States against Thomas Murby. Judgment of conviction, and defendant brings error. Affirmed.

Max Winograd, of Providence, R. I. (James A. Lee, of Providence, R. I., on the brief), for plaintiff in error.

Harold A. Andrews, Sp. Asst. U. S. Atty., of Providence, R. I. (Norman S. Case, U. S. Atty., of Providence, R. I., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. The defendant (plaintiff in error) was indicted on the 28th day of May, 1923, for unlawfully possessing certain intoxicating liquors containing one-half of 1 per cent. or more of alcohol by volume, second offense. He was found guilty and sentenced to pay a fine of $500, from which sentence this writ of error is prosecuted.

Prior to the trial he moved that the search warrant on which liquors were seized be quashed and the evidence obtained thereunder suppressed, assigning the same grounds therefor, with the exception of the seventh, as were assigned and considered by this court in Gandreau v. United States, 300 F. 21, as to which the decision was against the defendant's contention.

The seventh ground of the motion reads as follows:

"That because an unreasonable length of time elapsed between the alleged violation constituting probable cause and the date of the search warrant, and the date of the search and seizure; the alleged violation being on the 23d day of October, 1922, and the date of the search warrant October 27, 1922, and the date of the search and seizure on October 31, 1922."

This branch of the motion presents two questions: (1) Whether on the facts presented in the affidavit the commissioner could find probable cause for issuing the warrant; and (2) whether the search and seizure was delayed an unreasonable length of time after the warrant issued.

[1] In the affidavit the applicant for the warrant stated that he had made a personal visit to the defendant's saloon on the ground floor of dwelling numbered 386 Mineral Spring avenue in the city of Pawtucket on October 23, 1922, when he purchased a drink of beer which contained more than one-half of 1 per cent. of alcohol for beverage purposes. And it appears that 4 days later (October 27) he applied to the commissioner for and obtained the warrant. As the affidavit discloses that the place where he purchased the liquor was a saloon, we think the commissioner could reasonably infer therefrom that the same line of business was being conducted there 4 days later, when the application for the warrant was made.

[2] We are also of the opinion that the warrant was seasonably served. Section 11 of the Espionage Act (40 Stat. 229 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼k]) limits the time to 10 days within which a search warrant must be executed and returned to the judge or commissioner who issued it, and, as this warrant was executed and returned within less than 10 days after its date, it was seasonably executed.

[3] The defendant also complains that the court erred in refusing to strike out the testimony of Alice Peckham, clerk of the court, who was called as a witness by the government to identify the defendant as the person against whom a prior conviction had been had for the same offense. In giving her testimony she identified the defendant as such party, and stated that she had seen him in court at least six times before, and, without objection, testified that on March 27, 1922, he had pleaded nolo to a criminal information charging him with the unlawful possession of intoxicating liquors, and paid a fine of $100.

As the defendant was being tried for a second offense it was incumbent upon the government to identify him as the person who had been previously convicted of a like offense. This it did through the witness Alice Peckham, who stated that she had seen him in court six times before. It was competent for her to state that she knew the man, and to give her reasons therefor.

At the conclusion of the government's evidence, and of all the evidence, the defendant moved to dismiss the indictment on the ground that the government had not proved that the liquids seized contained at the time of the seizure one-half of 1 per cent. or more of alcohol by volume.

It appeared that certain liquids which were seized at the time the search was made were preserved as Exhibits Nos. 3, 4, and 5; that No. 3 was a quart bottle containing liquids that were taken from a tap in the saloon, and were poisoned, sealed, and labeled by the officers at the time, and that exhibits 4 and 5 were two pint bottles full of liquids taken from a case of bottles in the saloon, having upon them the original caps. The government's chemist testified that an analysis showed that the liquids of these exhibits contained over one-half of 1 per cent. of alcohol by volume; that there would be no fermentation after poisoning, and that fermentation would only be increased by exposure of the liquids to the air, and that it would not increase if the bottles containing the liquids were sealed. In view of this evidence the jury might reasonably have found that some or all of the liquids seized contained one-half of 1 per cent. or more of alcohol by volume.

The judgment of the District Court is affirmed.