## UNITED STATES v. SELTZER.

(District Court, D. Massachusetts. April 9, 1925.)

### No. 5845.

**1. Criminal law ⇐⇒394—Ground for exclusion of evidence obtained by unlawful search and seizure, stated.**

The ground upon which evidence obtained by unlawful search and seizure is excluded is that knowledge gained by government as result of its own wrongful acts ought not to be used against party wronged.

**2. Arrest ⇐⇒71—Officer making lawful arrest may search for and seize evidences of crime.**

Officer making lawful arrest without warrant may search for instrument, fruits, and evidences of the crime, even to the extent of searching the building in which the crime was committed, so far as controlled by the offender, and seize evidence of crime or instrumentalities used.

**3. Criminal law ⇐⇒395—Counterfeit stamps seized on arrest for sale of liquor could be used as evidence in prosecution for possession of such stamps.**

Counterfeit bond strip label stamps seized by federal agents following lawful arrest of defendant for unlawful sale of intoxicating liquors, in violation of National Prohibition Act, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa), could be used as evidence, notwithstanding Const. Amends. 4 and 5, in prosecution for having possession of such stamps

in violation of Act March 3, 1897, § 7 (Comp. St. § 6076), since government was in possession rightfully.

Henry L. Seltzer was indicted for having possession of counterfeit bond strip label stamps, and he moves to suppress evidence. Motion overruled.

Harold P. Williams, U. S. Atty., and George R. Farnum, Asst. U. S. Atty., both of Boston, Mass.

Wm. H. Lewis and M. L. McGrath, both of Boston, Mass., for defendant.

BREWSTER, District Judge. The defendant has been indicted for having in his possession counterfeit bond strip label stamps in violation of the provisions of the Act of March 3, 1897, chapter 379, § 7 (29 Stat. 628 [Comp. St. § 6076]).

Before trial, defendant filed a motion to suppress the evidence obtained by federal agents who seized a quantity of these stamps at the place of business of the defendant. The material facts upon which the motion is based may be briefly stated as follows:

Mulcahy, a federal prohibition agent, purchased a small quantity of intoxicating liquor from defendant. The liquor was delivered to the agent in the rear room of the defendant's drug store, but the sale was consummated by the payment of the purchase price in the front room of the store. Two other federal agents, Sullivan and Hall, standing outside in front of the store, saw Mulcahy pay for the liquor. Thereupon, upon signal from Mulcahy, Hall and Sullivan entered the store, and Sullivan placed the defendant under arrest. The defendant requested the agents to step into the back room to avoid publicity. While there, Sullivan saw fully exposed to his view bottles containing what looked to be "bootleg liquor," as he defined it. He asked the defendant if he had any more bootleg liquor. Defendant said that he had and pointed to a box near Agent Hall. Hall examined the contents of the box and found a quantity of such contraband liquor and 600 more or less of counterfeit strip label stamps, which were seized and are now held by the government. The arrest of the defendant and the seizure of his property were both made without a warrant. Subsequently two indictments were returned against the defendant; one charging illegal sale and possession of intoxicating liquor; the other, the indictment above referred to.

The defendant had been arrested for violating the National Prohibition Act. A mis-

demeanor had been committed in the presence of the arresting officers, viz., the unlawful sale of intoxicating liquors contrary to the provisions of section 3, title 2, of the National Prohibition Act (41 Stat. 305 [Comp. St. Ann. Supp. 1923, § 10138½aa]), and the agents, having found in the control of the defendant a quantity of contraband liquor and stamps which they had good grounds to believe were being used by the defendant in violating the act, were justified in seizing both the liquor and stamps and holding them as evidence in the prosecution which might result respecting the crime for which the defendant was unlawfully arrested.

I have no hesitation in holding the seizure to be reasonable so far as the evidence obtained as a result of it is to be used at the trial on the indictment charging violation of the National Prohibition Act. But that question is not presented on this motion. The defendant now seeks to prevent its use in the trial on an indictment charging, not an offense against the Prohibition Law for which he was arrested, but charging him with the crime set out in the Act of March 3, 1897, chapter 379, § 7 (29 Stat. 628 [Comp. St. § 6076]), which provides that one who "with intent to defraud, falsely makes, forges, alters, or counterfeits any stamp made or used under any provision of this act, or who uses, sells, or has in his possession any such forged, altered, or counterfeited stamp * * * shall on conviction be punished by a fine not exceeding one thousand dollars and by imprisonment at hard labor not exceeding five years." It appears, therefore, that the crime for which the defendant will be brought to trial under this indictment is a much more serious offense than the one for which he was arrested and in connection with which the seizure was made. .

The prosecuting officer admits that it is the purpose of the government to offer in evidence the seized stamps at the trial upon the indictment. If such action will constitute an invasion of the rights guaranteed to the defendant under the Fourth and Fifth Amendments of the Constitution, the defendant's motion should be granted.

In order to dispose of the motion, it becomes necessary to determine whether outlawed property found in the possession of the defendant when lawfully under arrest for one offense, and seized then and there by federal agents, may be used against him when on trial for another and more serious offense.

[1] The ground upon which evidence obtained by unlawful search and seizure is excluded is that knowledge gained by the government as a result of its own wrongful acts ought not to be used against the party wronged. Silverthorne v. U. S., 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319; Weeks v. U. S., 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177.

[2] When there has been a lawful arrest without a warrant, the officer making the arrest· has certain well-recognized rights and duties respecting a search of defendant's person and property and a seizure of property in his possession. He may search for the "instruments, fruits, and evidences of the crime" (Sayers v. U. S. [C. C. A.] 2 F.[2d] 146; U. S. v. Welsh [D. C.] 247 F. 239), even to the extent of searching the building in which the crime was committed so far as controlled by the offender (Sayers v. U. S., supra). .

If the evidences of the crime or instrumentalities used in the commission of it are found as a result of the search, it is not only the right but the duty of the officer to seize such evidences and instrumentalities. Carroll et al. v. U. S. (March 2, 1925) 45 S. Ct. 280, 69 L. Ed. ——; Adams v. N. Y., 192 U. S. 585, 24 S. Ct. 372, 48 L. Ed. 575; Garske v. U. S. (C. C. A.) 1 F.(2d) 620; U. S. v. Chin On (D. C.) 297 F. 531; U. S. v. Camarota (D. C.) 278 F. 388. And if the property seized be outlawed or forfeited property, such as burglars' tools, counterfeit coin, lottery tickets, etc., the person from whose possession they are taken can claim no rights in them. They are rightfully subject to seizure on behalf of the government. The government is entitled to the possession of them. Boyd v. U. S., 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; U. S. v. Welsh, supra; Milam v. U. S. (C. C. A.) 296 F. 629.

[3] Applying these principles to the facts appearing in the case at bar, it follows that inasmuch as the stamps were counterfeit and thus fell into the category of outlawed and forfeited property, and since the possession of them must of necessity constitute a crime, the government is now in possession of them rightfully and not as the result of any wrongful act of its agents.

There would seem, therefore, to be no justification for invoking the federal rule that evidence obtained as a result of an unreasonable search and seizure must be excluded from the trial of the person whose constitutional rights had been thus invaded. Here

the search and seizure were not unreasonable. The defendant's rights secured under both the Fourth and Fifth Amendments have not been violated. U. S. v. Welsh, supra.

I have reached the conclusion that the government may use at the trial, on the indictment for the possession of counterfeit strip label stamps, the evidence obtained by the government agents so far as such evidence is based on the discovery of the stamps.

The case of U. S. v. Boyd (D. C.) 1 F.(2d) 1019, to which my attention has been called, is easily distinguishable. There the search was in a dwelling house and intoxicating liquors were found which well might have been lawfully possessed by the defendant.

Defendant's motion to exclude the evidence is overruled.