## BENTON v. UNITED STATES.

### No. 3568.

Circuit Court of Appeals, Fourth Circuit.

April 3, 1934.

Norma Janet Winburn, of Greensboro, N. C. (R. C. Jennings, of Salisbury, N. C., on the brief), for appellant.

J. R. McCrary, U. S. Atty., and Joseph T. Allen, Asst. U. S. Atty., both of Greensboro, N. C.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

The appellant, hereinafter referred to as defendant, was convicted in May, 1933, in the District Court of the United States for the Middle District of North Carolina, at Wilkesboro, under an indictment charging him with violation of sections 3296 and 3450, R. S. U. S. (U. S. C., title 26, §§ 404, 1181, 1182 [26 USCA §§ 404, 1181, 1182). At the trial evidence secured under a search warrant was offered against the defendant, and in apt time a motion was made to quash the warrant and suppress the evidence secured by the search. This motion the court denied. Upon the verdict of the jury, the defendant was fined $500 and sentenced to be imprisoned one year and one day. From this judgment of the court this appeal was brought.

The main point relied upon on behalf of defendant was the alleged invalidity of the search warrant under which the evidence was secured. The warrant in question read as follows:

"United States of America, Middle District of North Carolina, ss:

"To J. L. Osteen, Prohibition Agent and his Deputies or any or either of them, Greetings:

"Whereas, Complaint on oath and in writing, supported by affidavits, has this day been made before me, Percy Bloxam, United States Commissioner for the Middle District of North Carolina, by H. C. Hudson, alleging that he has reason to believe and does believe that in and upon certain premises within the Middle District of North Carolina, towit, the premises of Clay Holland and Taft Benton, being a one story frame house situated on the south side of the old Boone Trail Highway, about four miles east of Brooks and Millers store, in Wilkes County, N. C., said house being the first dwelling house on the left side of the road going west after crossing double bridges about one mile west of Della Plains, there have been and are now located and concealed intoxicating liquors (or property designed for the manufacture of intoxicating liquors) which said liquors (or property) are being sold and possessed for beverage purposes in violation of the National Prohibition Act, approved October 28th, 1919, and the Statutes of the United States; and

"Whereas, the particular grounds for probable cause for the issuance of this search warrant consist of the testimony of J. L. Osteen, Federal Prohibition Agent who personally appeared before me, the undersigned United States Commissioner, and testified under oath, and H. C. Hudson further affidavits from which it appears that:

"Clay Holland did have in possession for purpose of sale and did sell on the above described premises intoxicating liquor containing more than one-half of one per centum of alcohol by volume, fit and intended for beverage purposes, to-wit; 45 gallons of whiskey in violation of the National Prohibition Act, as amended.

"Whereas, this cause coming for hearing on the application for a search warrant supported by affidavit as herein stated and the undersigned United States Commissioner is

satisfied of the existence of the grounds of the said application and that there is probable cause to believe their existence;

"Now, therefore, pursuant to Title XI of the act of Congress approved June 15, 1917, and pursuant to the provisions of the National Prohibition Act, you are hereby authorized and commanded, in the name of the President of the United States, to enter said premises during the day time with the necessary and proper assistance and forthwith search the same for all such liquor and property hereinbefore specified, to seize and take the same into your possession if found, to bring said liquor and property before the undersigned, and to report and act concerning the same as required of you by law.

"Witness the hand and seal of the United States Commissioner at Salisbury, N. C., in the said District, this 18th day of March, 1932.

"Percy Bloxam,
"United States Commissioner."

On the back of said search warrant appears the following:

"J. L. Osteen, Deputy Prohibition Administrator for the Middle District of North Carolina, first being duly sworn, deposed and says that he executed the within search warrant by searching the residence of J. T. Benton and Clay Holland with the assistance of Prohibition Agents, J. H. Gilley, J. H. Ingram, J. F. Ratledge, L. G. Trexler, N. A. Cooper, J. L. Moore, L. W. Sparrow, and C. S. Felts and seized and destroyed the following, to wit:

"115 gallons of corn whiskey
"12½ gallons of brandy (peach)
"13 52-gallon barrels
"4 10-gallon kegs
"1 5-gallon keg
"15 empty 5-gallon tin cans
"4 funnels
"1 filter
"1 syphon

"J. L. Osteen,
"Deputy Prohibition Administrator.

"Subscribed and sworn to before me this 23 day of March, 1932.

"Percy Bloxam,
"U. S. Commissioner."

■■ It is settled beyond controversy that any statutory requirements with respect to the search of a private dwelling must, under the Fourth Amendment to the Constitution of the United States, be strictly adhered to, and such statutes must be strictly construed. A study of the search warrant in this case leads us to the conclusion that it fulfills all of the requirements of this rule of construction and of the statutes.

■ One of the principal points raised as to the validity of the warrant is that it failed to contain on its face the requirement as provided by the statute that it must be returned in ten days and that such failure rendered it fatally defective. This requirement will be found in section 11, title 11 of the Espionage Act of June 15, 1917 (section 621, title 18, USCA). The act provides within what time the search warrant must be executed and returned, and, after the expiration of this time, unless executed, the warrant is void, but we do not think it is necessary to incorporate this provision in the warrant itself. Fry et al. v. U. S. (C. C. A.) 9 F.(2d) 38.

■■ The execution of the warrant within ten days sufficiently complies with the statute. The making of the return is a ministerial act which may be done in a reasonable time after execution of the warrant. In the instant case the warrant was issued on the 18th day of March, 1932, and directs the officer, among other things, "to report and act concerning same as required of you by law." The warrant was executed on March 19, 1932, and the return was sworn to before the commissioner on the 23d day of March, 1932, so that only one day elapsed between the issuing of the warrant and the execution of same and only five days elapsed between the issuing of the warrant and the making of the return.

■ While the search warrant was issued under one statute and the prosecution was under another statute, the evidence secured by the warrant, if properly secured, could be used in the prosecution for another crime. Bookbinder v. U. S. (C. C. A.) 287 F. 790, certiorari denied by Supreme Court, 262 U. S. 748, 43 S. Ct. 523, 67 L. Ed. 1213; Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647.

Another point relied upon on behalf of the defendant is that the warrant was not based upon facts sufficient to show probable cause.

In determining what is probable cause, the Supreme Court of the United States in Dumbra v. United States, 268 U. S. 435, 45 S. Ct. 546, 549, 69 L. Ed. 1032, said: "We are not called upon to determine whether the offense charged has in fact been committed. We are concerned only with the question

whether the affiant had reasonable grounds at the time of his affidavit and the issuance of the warrant for the belief that the law was being violated on the premises to be searched; and if the apparent facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a warrant." Staccy v. Emery, 97 U. S. 642, 24 L. Ed. 1035; Carroll et al. v. United States, 267 U. S. 132, at page 161, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; U. S. v. Lotempio (D. C.) 58 F.(2d) 358.

The warrant stated that "complaint on oath and in writing, supported by affidavits," had been made before the commissioner, and further recites that two witnesses had appeared before the commissioner and testified under oath, from which testimony the commissioner concluded that intoxicating liquor was being sold upon the premises sought to be searched, and that such sale had taken place a very short while prior to the issuance of the search warrant. There was sufficient evidence before the commissioner to show probable cause and to justify the issuance of the warrant. Nordelli et al. v. U. S. (C. C. A.) 24 F.(2d) 665; Hawker v. Queck (C. C. A.) 1 F.(2d) 77, certiorari denied 266 U. S. 621, 45 S. Ct. 99, 69 L. Ed. 472; Steele v. United States, 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757; Gracie v. United States (C. C. A.) 15 F.(2d) 644, certiorari denied 273 U. S. 748, 47 S. Ct. 449, 71 L. Ed. 872; Pappas v. Lufkin (D. C.) 17 F.(2d) 988; Murby v. United States (C. C. A.) 2 F.(2d) 56; United States v. McKay (D. C.) 2 F.(2d) 257; U. S. v. Old Dominion Warehouse (C. C. A.) 10 F.(2d) 736.

The premises were sufficiently described in the warrant, and the description was such as to enable the officer, to whom the warrant was directed, to locate the premises with certainty. U. S. v. Camarota (D. C.) 278 F. 388; In re Hollywood Cabaret (C. C. A.) 5 F.(2d) 651; Gandreau v. U. S. (C. C. A.) 300 F. 21; U. S v. Borkowski (D. C.) 268 F. 408; Steele v. United States, supra; Rothlisberger v. U. S. (C. C. A.) 289 F. 72.

The warrant alleges that the premises that were to be searched were the premises of the defendant and one Clay Holland, and again we think this a sufficiently definite description. U. S. v. Camarota, supra; in re Hollywood Cabaret, supra; Gandreau v. United States, supra.

Attorneys for defendant rely upon the case of Siden v. United States (C. C. A.) 9 F.(2d) 241, but a study of that case shows that it is readily distinguishable from the case here. In the Siden Case the affidavit supporting the search warrant was made on November 19, 1922, but the warrant itself was not issued until December 1, 1922, and it was clear that time was a material element upon which the court based its decision in the Siden Case. No such lapse of time between the affidavit and the issuance of the warrant is found here. Wagner v. United States (C. C. A.) 8 F.(2d) 581; Nathanson v. U. S., 290 U. S. 41, 54 S. Ct. 11, 78 L. Ed. 159, decided by the Supreme Court, November 6, 1933, and other cases cited on behalf of appellant, are easily distinguishable from the instant case.

It is urged on behalf of the defendant that the trial judge erred in admitting evidence, at the hearing of the motion to quash the warrant, to the effect that there was a strong odor of whisky around the house searched, but, in view of our holding as to the sufficiency of the search warrant, it is not necessary to discuss that point.

The prosecution was under a revenue statute and not under the National Prohibition Act, and is not affected by the recent decision of the Supreme Court with respect to that act. U. S. v. Claude Chambers and Byrum Gibson, 54 S. Ct. 434, 78 L. Ed. ——, 89 A. L. R. 1510, decided February 5, 1934.

A large quantity of unlawful liquor and a number of appliances were found on the premises searched, this evidence was legally secured and was properly introduced against the defendant at the trial, and the judgment of the court below is accordingly affirmed.