### UNITED STATES v. MILLER.

### No. 1648.

District Court, M. D. Pennsylvania.

March 11, 1938.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., for the United States.

Homer L. Kreider, of Harrisburg, Pa., for petitioner.

JOHNSON, District Judge.

This is a petition to suppress evidence obtained against petitioner during his arrest on a charge of unlawfully receiving and possessing lottery tickets, part of an interstate shipment.

The testimony shows that an agent of the Federal Bureau of Investigation received information that a shipment of lottery tickets had been sent from Herkhimer, N. Y., to W. J. Miller, 937 S. Queen street, York, Pa., bearing a return address of J. H. Morgan, Herkhimer, N. Y.; that on October 9, 1937, the agent saw two packages bearing the address as stated above, after they arrived at York by Railway Express, and was advised that they would be delivered to the home of the addressee; that after the packages had been delivered, the agent went to Miller's home and was advised by Miller's daughter that Miller would return home between 11 and 12 p. m. that night; that at Miller's home the agent saw the two packages in the hall of Miller's home; that the agent then procured a warrant for the arrest of Miller, awaited his return, went

into the house with Miller and placed him under arrest; that the agent seized the two packages in the hall and made a search of the premises; and that the agent had no search warrant.

The petitioner contends that the search and seizure without a search warrant was in violation of his constitutional rights and the evidence obtained thereby should be suppressed. The government contends that the search and seizure was proper, being made as an incident to a lawful arrest and for instrumentalities of the crime.

In Lawson v. United States, 7 Cir., 9 F. 2d 746, 748, it is stated: "All searches and seizures are not prohibited by the Constitution, and the two most common and well-recognized instances where seizures may be justified without a search warrant, are: (A) Where a person is lawfully arrested, he and the place where the arrest is made may be searched contemporaneously with the arrest. Carrol v. United States [267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L. R. 790], and Agnello v. United States [269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409], supra."

In United States v. Seltzer, D.C., 5 F.2d 364, 365, it was held: "When there has been a lawful arrest without a warrant, the officer making the arrest has certain well-recognized rights and duties respecting a search of defendant's person and property and a seizure of property in his possession. He may search for the 'instruments, fruits, and evidences of the crime' (Sayers v. U. S. [C.C.A.] 2 F.[2d] 146; U. S. v. Welsh [D.C.] 247 F. 239), even to the extent of searching the building in which the crime was committed so far as controlled by the offender (Sayers v. U. S. supra). If the evidences of the crime or instrumentalities used in the commission of it are found as a result of the search, it is not only the right but the duty of the officer to seize such evidences and instrumentalities. Carrol et al. v. U. S. (March 2, 1925) [267 U.S. 132] 45 S.Ct. 280, 69 L.Ed. [543, 39 A.L.R. 790]; Adams v. N. Y., 192 U.S. 585, 24 S.Ct. 372, 48 L.Ed. 575; Garske v. U. S. (C.C.A.) 1 F.2d 620; U. S. v. Chin On (D.C.), 297 F. 531; U. S. v. Camarota (D.C.), 278 F. 388. And if the property seized be outlawed or forfeited property, such as burglars' tools, counterfeit coin, lottery tickets, etc, the person from whose possession they are taken can claim no rights in them. They are rightfully subject to seizure on behalf of the government. The government is entitled to the possession of them. Boyd v. U. S., 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746; U. S. v. Welsh, supra; Milam v. U. S. (C.C.A.) 296 F. 629."

The search and seizure made in this case without a warrant comes within the well-recognized exception stated above, that a search and seizure made incidental to a valid arrest for instrumentalities of the crime, especially when the instrumentalities seized are outlawed or forfeited property, is a valid search and seizure even though made without a search warrant. Accordingly, the petition to suppress evidence must be dismissed.

And now the petition to suppress the evidence obtained against the petitioner is dismissed.