237 So.2d 635

**Horace E. DAVIS, alias**

**v.**

**STATE.**

**3 Div. 3.**

Court of Criminal Appeals of Alabama.

Oct. 21, 1969.

Rehearing Denied Nov. 25, 1969.

Hill, Hill, Whiting & Harris and John O. Harris, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

Appeal from conviction under Alabama Drug Abuse Control Act, Act 252, August 27, 1967. Sentence two years in the penitentiary. The only evidence came from a search.

We are compelled to reverse. The search warrant issued out of the Court of Common Pleas of Montgomery of which Alex A. Marks is Ex Officio Judge. See Act No. 906, September 8, 1961, particularly § 20. The affidavit laid before Judge Marks as such judge is conclusory only: it states no facts.

The deficiency is the same as that discussed in Knox v. State, 42 Ala.App. 578, 172 So.2d 787(9). The affiant gave no supporting facts to support his belief that stimulating or depressant drugs were present on Possum Davis's premises.

Another affidavit made before Judge Marks in his other office, as Judge of the Montgomery County Court, cannot bolster the warrant issued by him in his ex officio capacity as Judge of the Court of Common Pleas.

We have assumed arguendo (sed non concedendo) that language used by our Supreme Court in State ex rel. Vandiver v. Burke, 175 Ala. 561, 57 So. 870, supportive of the proposition that, like a probate judge who can wear one hat for his probate judgeship, other and different headpiece for his judgeship of the court of county commissioners and a third garb as judge of the county court, all with compatibility so long

as he receives but one salary, upholds this second affidavit as though it were made in the same court before the same magistrate as the first affidavit made before Judge Marks. Be that as it may, for purposes of analysis, we set forth this second affidavit made before Judge Marks as Judge of Montgomery County Court, which became State's Exhibit "1," to support the search warrant:

"MONTGOMERY COUNTY COURT

"DATE: 9–13–67

"PERSON WANTED: Possum Davis, Horace E. Davis      OFFENSE: Search Warrant     ADDRESS: 331 U.S. Hwy. So. 29 miles So. Mtgy.     PHONE: _____

PLACE OF OCCURRANCE: Residence 517 E. Delano St., Montgomery, Ala.

PERSON OR PROPERTY ATTACKED: _____

HOW ATTACKED: _____

DAMAGE DONE OR PROPERTY STOLEN: _____

VALUE OF PROPERTY: _____

"DETAILS: Information from a person whose record of reliability for correctness has been good that at 331 Restaurant Possum Davis has had illicit narcotics, narcotic derivatives, marijuana, amphetamines and/or barbiturates including McNeils. That Davis stated he had a supply at his restaurant building, in his car and in a small out building. This information given me in several conversations over a period of about one month in person and over telephone.

"Based on statement by my reliable informer that subject made statement of having a supply of narcotics, etc. I have reason to believe that there probably are McNeils and other prohibited drugs at the residence of Horace E. Davis, 517 E. Delano Street, Montgomery.

"I make this affidavit for the purpose of securing search warrants against the said Horace E. "Possum" Davis, I understand that I am instituting a criminal proceeding and cannot drop the case. I further understand that if any of the foregoing facts are untrue, I may, in addition to any other punishment provided by law, be taxed with court costs in this proceeding.

"/s/ James G. Ward
Complainant

"Sworn to and subscribed before me this 13 day of Sept. 1967.

"/s/ Alex A. Marks
Judge Montgomery
County Court

"WITNESSES:"

———◆———

First, we disagree with the appellant in brief that the failure to disclose the identity of the informer, either in the affidavit or in voir dire examination in the

course of the main trial, is a denial of due process. Nothing in Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 or Douglas v. Ala., 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 calls for such a drastic conclusion.

In Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, it is fairly well established that the prosecution is entitled to withhold the identity of the informant for at least two reasons: (1) to foster its activities in detecting crimes by keeping open lines of communications with the underworld and (2) to protect informers from harm or reprisal.

Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, is an exception to this general rule. Here nothing was brought out which would have required the Roviaro exception to be put in operation.

Secondly, when, however, the police officer's affidavit relies upon information furnished by an informer, this is but reliance upon hearsay. Hearsay evidence is inadmissible on jury trial, primarily because of the division of a court in English law countries between triers of fact and judges of law.

Accordingly, there is no impediment to the use of hearsay evidence outside nisi prius trials before juries. Thus, in Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397, it was held that no taint attached to an indictment merely because it was based on hearsay This for the obvious reason that credit was given to the necessity of the prosecution adducing legally admissible evidence upon trial of the resulting indictment. Presumptively, an indictment is laid against an innocent man.

■ However, in the case of a search, mere common law principles alone are not enough. Wise or unwise, the founders have inserted in our organic law the requirement that no search warrant be issued except upon an oath denoting probable cause.

The effect of this constitutional command is to require that the affiant (e. g.

a police officer swearing out for a search warrant), who relies upon an informer, must do at least two things: (a) furnish the magistrate with information to support the credibility of the informer and (b) to furnish some observation of the officer himself of some fact or conduct perceived by him (or perhaps by another law enforcement officer) which admits of the same inference as does the statement of the informer.

When we analyze the affidavit before the Montgomery County Court, the reliability of the informer is stated in terms of correctness and is given the quality of being "good." "Good" is not factual.

The occasions of prior information should have been stated in the informer's "batting average" and would have given the magistrate something to consider in determining the weight of the hearsay. Second, the statement of Davis at the 331 Restaurant was couched in the term "has had" without any designation of the remoteness or nearness in time of the making of the affidavit.

Finally, the vagueness of the period of time embraced in the conversation is fatal under the decided cases.

We quote from two pertinent federal appellate decisions, one of over 40 years standing, the second a reaffirmation in 1966:

" * * * The facts in the complaint or the affidavit upon which the search warrant is based must show a self-subsisting ground for the issuance of the warrant. United States v. Casino (D.C.) 286 F. 976.

"In the instant case the time elapsing between the sale on which the affidavit was based and the making of the affidavit on which the search warrant was issued was 42 days. This we hold was such a length of time as to destroy the effect of the sale as a foundation for a search warrant for present violation, in the absence of any other relevant facts. Time is a material factor in several steps

connected with search warrants. By section 11 of title XI of the Espionage Act (section 10496 ¼k), 10 days only are allowed in which to serve the search warrant. After that time the search warrant is void.

"Whatever effect might be given to the allegation in the affidavit of the present existence of liquor on the premises was wholly lost by the disclosure of the lapse of time without a showing of a continuing knowledge on the part of the affiant. Reasonably short periods of time have been held unimportant. Thus in Murby v. United States (C.C.A.) 2 F.2d 56, 4 days had elapsed between the sale and the affidavit for search warrant; in United States v. McKay (D.C.) 2 F.2d 257, 12 days had elapsed; in Hawker v. Queck (C.C.A.) 1 F.2d 77, 21 days had elapsed. In this latter case, however, the premises were a hotel and saloon, and so described. On the other hand, in the case of People v. Chippewa Circuit Judge, 226 Mich. 326, 328, 197 N.W. 539, 540, where more than 60 days had elapsed between the making of the affidavit and the application for a search warrant, the court said:

" 'A search warrant must issue, if at all, upon an existing cause. A search warrant is no general arm for ferreting out crime, but a special proceeding, based on present cause, hedged by strict constitutional provisions, must be speedily executed, and cannot be issued on a showing of facts existing over 60 days before, and not in any way brought down to the date the warrant is issued.'

"See, also, Rupinski v. United States (C.C.A.) 4 F.2d 17.

"We find no case where the elapsed time between affidavit and search warrant was as great as in the case at bar, and where the search warrant was still held valid. * * *" Dandrea v. United States, 8 Cir., 7 F.2d 861, at p. 864.

"We conclude that a combination of undated, conclusory information from an anonymous source and an undated general allegation of personal observation by the affiant, with no other reasonably specific clues to the time of their happening, is inadequate. We do not think this is being hypertechnical, legalistic, or insistent on a requirement of 'elaborate specificity once executed by common law pleadings.' Police officers have long been accustomed to the importance of time; to their credit, the overwhelming majority of affidavits have honored the the requirement.

"We are aware of the vast amount of painstaking care invested by the district court in two trial to date. Nevertheless, having carefully considered both precedent and policy, we are constrained to hold the affidavit and therefore the warrant, search, resulting evidence, and judgment invalid." Rosencranz v. United States, 1 Cir., 356 F.2d 310, at p. 318.

We believe the basic case from the Supreme Court of Alabama which lays down this principle is Clenney v. State, 281 Ala. 9, 198 So.2d 293.

We consider that there was no error in the trial judge's overruling the appellant's motion to suppress but only for the reason that the motion was not a true pretrial motion.

Almost three months after indictment, the appellant filed the motion on a Friday with the trial set for the following Monday.

■ The purpose of the pretrial motion to suppress (which could have disposed of this case without the expense of the county of the time of twelve jurors) is truly one for the decision of the question of pure law. Such a motion filed long after indictment will not ordinarily furnish occasion for our review of its denial.

■ However, in view of the language in Brown v. State, 277 Ala. 108, 167 So.2d 291, which permits the raising of the objection to a search on main trial, notwithstanding prior consideration on a motion to suppress, the defendant here was not deprived of any right to have question of

**50**

the validity of the search considered before the jury received the evidence.

■ A demurrer was filed in this case against the indictment, Ground 4 of which alleges that the act of the Legislature (Alabama Drug Abuse Act) is unconstitutional and void in that it violates Section 45 of the Constitution.

After reading the title of said Act No. 252 and the text thereof, we conclude that the only matter of · substance which is omitted from the title are those provisions directed against the so-called "traffic in counterfeit drugs." In view of the nature of this indictment and in view of Section 9 of the act as to severability, we do not think this ground of demurrer was well taken.

■ Another ground of demurrer asserted that the act is vague and indefinite in that the penalty sought to be imposed embraces both a felony and misdemeanor.

It might be inferred that this statute has been imported and was drawn by one not familiar with the penal laws of Alabama nor our distinctions between felonies and misdemeanors. However, we see no merit whatsoever to contention advanced because Section 3 of the act states flatfootedly that any person who violates any of the provisions of Section 2 shall be guilty of a felony. It then proceeds to prescribe punishment which is more severe than in the case of many felonies and, certainly, is not as lenient as that prescribed for many misdemeanors. Since this point is not seriously argued in brief on appeal, we shall not extend this discussion.

Since the only evidence adduced against the defendant is in the form of depressant or stimulant drugs, to-wit: florinal and seconal, prohibited by this statute and obtained only through the use of this search warrant, we consider that the judgment below is due to be reversed and the cause there remanded for further proceedings consistent herewith.

Reversed and remanded.