265 So.2d 916

**Jack WINDSOR**

**v.**

**STATE.**

**3 Div. 67.**

Court of Criminal Appeals of Alabama.

Aug. 15, 1972.

Frank W. Riggs, III, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

ALMON, Judge.

Jack Windsor was convicted of buying, receiving and concealing stolen property. His punishment was fixed at three years in the penitentiary.

Appellant asserts that the trial court erred in denying his pre-trial motion to suppress the State's evidence, alleging that a mink stole was seized in an illegal search.

The affidavit sworn to by J. H. Lisenby of the City of Montgomery Police Department, which led the magistrate to issue the search warrant is as follows:

"I, J. H. Lisenby of the Montgomery Police, having been reliably informed by an informant who has been proven to be reliable in the past in that he has given me information that I have proven to be the truth has told me that he has sold to Jack Windsor property listed in attached exhibits 'A' and 'B' and believes that property or parts of that property to be kept, stored or used at the following addresses: 35 No. Goldthwaite Street, 420 So. Goldthwaite St., 3607 Day St. and 3519 Dalraida Court all in Montgomery and belonging to Jack and May Windsor.

"From my own observation I have observed known persons with police records frequenting 35 No. Goldthwaite St. better known as Sauls Delicatessen. In the past I have been informed that he buys, sells and conceals stolen property at and from the above addresses.

"This informer has given me information in the past that has caused several cases to be solved. Some of this information was given in the presence of State Investigator S. N. Rucker and Deputy Sheriff W. J. Walker and property was recovered from same.

| "/s/ D. Eugene Loe | /s/ J. H. Lisenby |
|---|---|
| D. Eugene Loe, Judge of Municipal Court Montgomery, Alabama | J. H. Lisenby, Detective Montgomery Police Department" |

The affidavit states that the informant told the affiant that he had sold

certain property to the appellant. The affidavit does not state, however, when the alleged sale took place. The affidavit is therefore deficient because it fails to show that the information received from the informant was fresh as opposed to being remote. Davis v. State, 46 Ala.App. 45, 237 So.2d 635, affirmed, 286 Ala. 117, 237 So. 2d 640. The above rule is an outgrowth of a requirement of Aguilar v. Texas, 378 U. S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, that the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the property was where he claimed it was.

Additionally, it should be noted that the affidavit states merely that "property" was sold to appellant. It does not state that the property was stolen. However, Exhibits A and B to the affidavit are lists of property typed on a printed form entitled "Stolen and Recovered Property Report." In view of our holding we need not decide whether this practice meets constitutional standards.

The judgment is therefore due to be reversed and the cause remanded.

Reversed and remanded.

CATES, P. J., and TYSON and HARRIS, JJ., concur.