HARRIS, Presiding Judge.
Appellant was convicted of the offense of buying, receiving, or concealing stolen property. Throughout the proceedings in the trial court he was represented by counsel of his choice and at arraignment he pleaded not guilty. When the jury returned its verdict finding appellant guilty as charged in the indictment, and the value of the property fixed at two hundred ($200.00) dollars, the court sentenced him to three years in the penitentiary.
Omitting the formal parts the indictment reads as follows:
“The grand jury of said county charge that, before the finding of this indictment, Charles Pharris, whose name is to the Grand Jury otherwise unknown, did buy, receive, conceal or aid in concealing one .22 caliber rifle of the value of one hundred dollars, and one 32/20 Winchester rifle of the value of one hundred and fifty dollars, the personal property of Loyal E. England, knowing that they were stolen and not having the intent to restore them to the owner, against the peace and dignity of the State of Alabama.”
The case against appellant had its genesis in the filing of an affidavit and securing a search warrant. The affidavit and search warrant are as follows:
“CRIMINAL court OF JEFFERSON COUNTY STATE OF ALABAMA
AFFIDAVIT FOR SEARCH WARRANT
“Before me, Ex-Officio Judge of the Criminal Court of Jefferson County, personally appeared Sgt. W. D. Prier, Jefferson County Sheriff’s Department, Jeffer *368 son County, Alabama, who, after being duly sworn, upon his oath deposes and says as follows:
“On November 4, 1976, I talked with Sgt. T. H. Swatek, Jefferson County Sheriff’s Department, and he told me that within the past twenty four hours he has had a conversation with a confidential informant who through fear of involvement or reprisal wishes to remain anonymous and said' confidential informant told Sgt. Swatek the information as follows:
“That on November 3, 1976, in Walton County, DeFuniak Springs, Florida, there was a burglary of a residence in which the following items were taken:
1. Certificates of the value of $3,000.00
2. Bonds of the value of $4,000.00
3. One .22 cal. Remington 30-30 rifle
4. One 410 Bolt action shotgun
5. One .38 cal. revolver
6. One 12 guage pump shotgun
“These items were then transported to Jefferson County, Alabama, where they are now being unlawfully concealed at the residence of Charles Farris, at Route 1 Box 892, Warrior, Jefferson County, Alabama, (located on dirt road running to the left of Bonedry Road, said residence being at the end of Bonedry Road, Jefferson County, Alabama). Said informant has seen these items at the residence of Charles Farris within the past 24 hours and knows them to be stolen.
“Sgt. Swatek also relayed to me that as of 8:45 a.m. November 4, 1976, Charles Farris was inside of this residence and that he, Sgt. Swatek, was at the above described residence for surveillance and to prevent the destruction or removal of evidence. Sgt. Swatek felt it to be imperative that he remain on the scene and for me to obtain a search warrant for this residence.
“Based on the foregoing information I have probable cause to believe and do believe that the above-described items stolen from Walton County, DeFuniak Springs, Florida, are now being unlawfully maintained in the residence of Charles Farris, being located at Route 1 Box 892, Warrior, Jefferson County, Alabama (located on dirt road running to the left of Bonedry Road, said residence being the last house at the end of Bonedry Road, Jefferson County, Alabama).
“Subscribed and sworn to before me this 4th day of November, 1976.
“ /s/ Niles_ Ex-Officio Judge, Criminal Court of Jefferson County
/s/ W. D. Price AFFIANT”
“CRIMINAL COURT OF JEFFERSON COUNTY STATE OF ALABAMA
SEARCH WARRANT
“TO: ANY LAWFUL OFFICER OF SAID COUNTY AND SAID STATE:
“Proof by affidavit having this day been made before me as Ex-Officio Judge of the Criminal Court of Jefferson County that there is probable cause for believing that the following described property stolen from a burglary of a residence in Walton County, DeFuniak Springs, Florida on November 3, 1976, is now being unlawfully maintained in the residence of Charles Farris, said residence being Route 1 Box 892, Warrior, Jefferson County, Alabama, located on dirt road running to the left of Bonedry Road, last house at the end of Bonedry Road, Jefferson County, Alabama,
1. Certificates of the value of $3,000.00
2. Bond of the value of $4,000.00
3. One .22 cal. Remington 30-30 Rifle
4. One 410 bolt action shotgun
5. One .38 cal. revolver
6. One 12 guage pump shotgun
“You are therefor commanded to make, in the daytime, an immediate search of the premises described above, a better description of which is not available, for the above described property, and if you find the same or any part thereof to seize the same and hold it until further order from the Criminal Court of Jefferson County. And you are hereby commanded to make a return of this writ within ten days as required by law.
“Dated this, the 4th day of November, 1976.
/s/ Niles_ EX-OFFICIO JUDGE, CRIMINAL COURT OF JEFFERSON COUNTY
“The affidavit on which this search warrant is based being positive that the articles as described are presently on the premises to be searched, this warrant may be executed at any time of the day or night.
“Dated, this the 4th day of November, 1976.
EX-OFFICIO JUDGE, CRIMINAL COURT OF JEFFERSON COUNTY”
The weapons set out in the indictment were owned by Lowell E. England, a resident of Tarrant City, Alabama. Though the indictment listed the owner as Loyal E. England they belonged to Lowell E. England. On October 29, 1976, Mr. England discovered that his home had been burglarized and he immediately notified the Police Department and when the officers arrived at his home he gave them the following description of the missing weapons:
“The twenty-two was a Mossburg automatic with a scope on it and the Winchester was a 32/20 lever action, old-type saddle gun like the Westerners used.”
About one month from the date of the break-in of Mr. England’s home he recovered these two weapons at the Jefferson County Sheriffs Office. He identified the weapons by means of his name and driver’s license number which he had engraved on the weapons with an electric pencil. The Sheriff’s Department released these weapons to Mr. England after he identified them.
These two rifles were seized by the officer executing the search warrant at the *369 home of appellant. They were found under the bed in appellant’s bedroom. The above described weapons were not set out in the affidavit leading to the issuance of the search warrant, nor were they mentioned in the search warrant.
Appellant made a motion to suppress the State’s evidence which was heard outside the presence and hearing of the jury. At this hearing Thomas A. Swatek testified that he was employed by the Jefferson County Sheriff’s Office. On November 4, 1976, Swatek contacted Sergeant W. D. Prier, the officer who swore to the affidavit, and told him that he had arrested one Larry Reno for burglary, grand larceny, and escape.
From the record:
“I told Sergeant Prier that we had arrested Larry Reno for burglary and grand larceny and escape from State prison and Larry had told us that he had burglarized the house in Ft. Walton and that he had taken the money to the Red Dog Saloon and given the money to Mr. Pharris. He had taken the guns, the night before, to Mr. Pharris’ house out of the burglary at .Ft. Walton.
“Q. You told Sergeant that?
“A. I told him also not to use Reno’s name because Reno was afraid of reprisals if it was found out that he told.
“Q. Is there anything else that you told Sergeant Prier other than what’s contained in the affidavit?
“A. I don’t believe so.”
Sergeant W. D. Prier testified at the voir dire hearing to suppress and stated that on November 4,1976, he received certain information from Officer Swatek concerning appellant. He further testified that all the information he obtained from Officer Swa-tek was put in the affidavit on which the magistrate issues the search warrant. Prier stated that he had no other information and that he did not know the name of the confidential informer.
The return to the search warrant shows many, many guns and other items that were not described in the affidavit or the search warrant. At the conclusion of the hearing on the motion to suppress the Court ruled that the case would be restricted to the two weapons that were listed in the indictment and which were the property of Mr. England, stating, these guns were “sufficiently substantiated by the informant, namely, he saw the items there.”
Back in the presence of the jury Officer Swatek testified that he found the two weapons in the home of the appellant pursuant to a search warrant. After finding the weapons the officer arrested appellant.
On cross-examination Swatek testified:
“Q. Did you know the name L. E. England on these rifles?
“A. No, sir.
“Q. But you arrested him for possession of that rifle?
“A. Right.
“Q. L. E. England, the twenty-two rifle and the 32--20 Winchester rifle?
“A. Right.
“Q. But you don’t know they were stolen? Did you know they were stolen?
“A. One of the City officers
“Q. Did you know they were stolen?
“A. Personally, no, sir.
“Q. So you just arrested him after seeing those two rifles?
“A. Right.”
Officer Swatek testified that a home in Ft. Walton, Florida, was burglarized but the affidavit made before the magistrate recites that a residence in DeFuniak Springs, Florida, was burglarized. The testimony of Officer Swatek is at variance with the affidavit signed by Officer Prier. There was no proof that there was a burglary either in Ft. Walton, Florida or De-Funiak Springs, Florida. All we have in the record before us is hearsay evidence from an informer whose statement to Officer Swatek was never verified.
The question presented to us is the sufficiency of the affidavit for the issuance of *370 the search warrant. The affidavit does not set forth any of the underlying facts and circumstances from which the magistrate could determine that the informant was credible or reliable. The affidavit is conclu-sory in the extreme and did not afford the magistrate any information on which he could conclude there was probable cause to issue the search warrant. The officers could not have been searching for the weapons described in the indictment as they were not even mentioned in the affidavit and the search warrant.
The affidavit does not meet the test laid down in Aquilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; Davis v. State, 46 Ala.App. 45, 237 So.2d 635; Haynes v. State, 50 Ala.App. 96, 277 So.2d 372.
As we have noted Officer Swatek testified that the name Lowell E. England inscribed on the two weapons had no significance to him. Nor did he have personal knowledge that these two weapons were stolen. These weapons were taken from a room different from the room where the items listed on the warrant return were found. At the time these two weapons were seized none of the items listed on the return had even been discovered. It cannot be successfully gainsaid that the search was an exploratory one.
In Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231, the Court said:
“The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant. And the Congress in enacting the laws governing the issue and execution of this search warrant was diligent to limit seizures to things particularly described * * V’
The search in this case turned out to be a “general search” condemned by Federal and State Courts alike.
In the light of our holding, we do not deem it necessary to consider other alleged errors in the record.
This case is due to be reversed and remanded.
Reversed and Remanded.
All the Judges concur.